UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | | |
|---|---|---|
| **Kimberly Toy, et al.,** | ) | |
| | ) | No. **CV-16-2138-PHX-HRH** |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | October 28, 2016 |
| **Theranos Incorporated, et al.,** | ) | 1:05 p.m. |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

BEFORE:   THE HONORABLE H. RUSSEL HOLLAND, JUDGE

REPORTER'S TRANSCRIPT OF PROCEEDINGS

STATUS CONFERENCE

Official Court Reporter:
Candy L. Potter, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 36
Phoenix, Arizona 85003-2151
(602) 322-7246

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

**A P P E A R A N C E S**

For Plaintiff R.C.:
    Keller Rohrback
    By:  **T. David Copley**, Esq.
          **Gretchen Freeman Cappio**, Esq. - telephonically
    1201 3rd Avenue, Suite 3200
    Seattle, Washington 98101

    Keller Rohrback
    By:  **Mark D. Samson**, Esq.
          **Christopher Graver**, Esq.
    3101 North Central Avenue, Suite 900
    Phoenix, Arizona 85012

For Plaintiff B.P.:
    Lieff Cabraser Heimann & Bernstein
    By:  **Roger N. Heller**, Esq.
    275 Battery Street, 29th Floor
    San Francisco, California 94111

For Plaintiff Toy:
    Hagens Berman Sobol Shapiro
    By:  **Robert B. Carey**, Esq.
          **Leonard W. Aragon**, Esq.
    111 West Jefferson Street, Suite 1000
    Phoenix, Arizona 85003

**A P P E A R A N C E S**

For Defendant Theranos:
    Wilkinson Walsh & Eskovitz
    By:  **Sean Eskovitz**, Esq.
    11726 San Vincente Boulevard
    Los Angeles, California 90049

    Wilkinson Walsh & Eskovitz
    By:  **Kieran Gostin**, Esq. - telephonically
    1900 M Street NW, Suite 800
    Washington, DC 20036

For Defendant Walgreens Boots:
    Snell & Wilmer
    By:  **Patricia Lee Refo**, Esq.
        **Brianna Lynn Long**, Esq.
    1 Arizona Center
    400 East Van Buren
    Phoenix, Arizona 85004

    Weil Gotshal & Manges
    By:  **David R. Singh**, Esq. - telephonically
    201 Redwood Shores Parkway
    Redwood Shores, California 94065

For Defendant Holmes:
    Cooley LLP
    By:  **Kathleen H. Goodhart**, Esq. - telephonically
    101 California Street, 5th Floor
    San Francisco, California 94111

1         (Proceedings begin at 1:05 p.m.)
2              THE CLERK:  This is case number CV-16-2138, Toy versus
3    Theranos Incorporated, et al, on for status conference.
4              Counsel, please announce for the record.
5              MR. COPLEY:  Your Honor, my name is David Copley for
6    the plaintiffs.
7              MR. HELLER:  Good afternoon, Your Honor, Roger Heller
8    for plaintiffs.
9              MR. SAMSON:  Mark Samson for the plaintiffs,
10   Your Honor.
11             MR. GRAVER:  Your Honor, Chris Graver for the
12   plaintiffs as well.
13             MR. CAREY:  Good afternoon, Rob Carey and Leonard
14   Aragon for Mrs. Toy.
15             MR. ESKOVITZ:  Good afternoon, Your Honor, Sean
16   Eskovitz for Theranos.
17             MR. REFO:  Patricia Refo, Your Honor, for Walgreens.
18             THE COURT:  Okay.  I've got one more name here,
19   somebody named Long.
20             MR. REFO:  I'm sorry, Brianna Long is here with me as
21   well.
22             THE COURT:  Thank you.
23             What we have at this point is, I believe, four Arizona
24   cases have been transferred to me.  They have been
25   consolidated.  We have designated interim lead counsel for

1   purposes of the case.

2          A few days ago we scheduled this case status hearing.
3   I have since received a Joint Case Status Report from the
4   parties, which I very much appreciate.  That's an excellent
5   start in terms of convincing me that there's a good working         13:06:54
6   relationship between people, which is just absolutely critical
7   in a case like this.  So thank you very much.

8          With respect to the items that are discussed in your
9   Joint Case Status Report, in treating that as essentially a
10  proposal for early management of this case, you've proposed         13:07:17
11  that a Consolidated Complaint be filed by November 22nd.  That
12  sounds satisfactory to me.

13         Is there anything more that needs to be said about
14  that?

15         I have a question then.  And this is skipping ahead          13:07:39
16  just a little bit.  But there has been a new Theranos case
17  filed in this court by S.L.  It's 16 Civil 3599 before
18  Judge Silver.  You have suggested that we, in effect, roll that
19  case into this case.

20         Has someone touched base with whoever represents S.L.?       13:08:05
21  Do they know what's going on here today?

22         MR. COPLEY:  Yes, Your Honor.  The attorneys in that
23  case, they were part of the -- they were in one of the original
24  Arizona cases that is now before this Court.  And the same
25  co-counsel also filed a Northern District of California case,      13:08:26

1  which has now been dismissed and essentially refiled in this
2  District.
3         So those attorneys are part of the process.  And the
4  only sort of missing link is, there's no order yet that
5  provides essentially that later filed cases would automatically         13:08:44
6  be rolled into this consolidated proceeding.
7         THE COURT:  Okay.  That sounds good.  I'm quite used
8  to that type of roll-in thing.  We did that a year or year and
9  a half ago with a number of ADA cases that were all filed by a
10 single plaintiff.  We had about 40 cases, it morphed into 150         13:09:06
11 cases.  They're all gone except one.
12         So it will be the order of the Court that the 16 Civil
13 3599 presently assigned to Judge Silver be transferred to me.
14 And that case will be consolidated with the presently
15 consolidated cases.                                                     13:09:38
16         Next question, is it fair to assume that the S.L.
17 plaintiff will join in and be a part of the Consolidated
18 Complaint that gets filed in November?
19         MR. HELLER:  Yeah.  Your Honor, I mean, as part of the
20 Consolidated Complaint we'll be considering potential                  13:09:59
21 plaintiffs, including plaintiff S.L.  I don't know that every
22 single plaintiff who was a plaintiff in one of the underlying
23 cases in this District or in the California proceedings will
24 necessarily be a named plaintiff in the Consolidated Complaint.
25 All of them would be putative class members though.                    13:10:17

| | | |
|---|---|---|
| 1 | THE COURT: Sure. And it will be up to them to decide | |
| 2 | whether to join in the Consolidated -- | |
| 3 | MR. HELLER: Correct. Well, as class counsel, and in | |
| 4 | consultation with other counsel, I think we'll have to consider | |
| 5 | the various plaintiffs and make determinations about exactly | 13:10:32 |
| 6 | how many plaintiffs to include in the Consolidated Complaint. | |
| 7 | I don't know that all of them will be included, because I think | |
| 8 | that might be a large number of plaintiffs. | |
| 9 | THE COURT: Okay. I will look to you to bird dog that | |
| 10 | and take care of it. If there are any problems, I'm sure | 13:10:51 |
| 11 | you'll let me know. | |
| 12 | MR. HELLER: Absolutely. | |
| 13 | THE COURT: And to be clear about it, it will be the | |
| 14 | further order of the Court that any other cases filed in this | |
| 15 | court against Theranos and/or Walgreens will be assigned to me | 13:11:10 |
| 16 | so long as they are basically a pattern case fitting what has | |
| 17 | been filed here. | |
| 18 | Have all of the California cases been dismissed | |
| 19 | without prejudice at this point? | |
| 20 | MR. COPLEY: Yes, Your Honor. | 13:11:38 |
| 21 | THE COURT: Okay. You have proposed in your Joint | |
| 22 | Case Status Report that Responses to the Consolidated Complaint | |
| 23 | be filed by January 10, 2017. That's satisfactory to me. | |
| 24 | Is there anything further that needs to be said about | |
| 25 | that? | 13:12:06 |

1    Very good.

2    The Joint Report contains a proposed schedule in the
3 event that any of the two or three defendants decide to file
4 motions to dismiss the Consolidated Complaint.  You've proposed
5 that the motions be filed by January 10.  We already talked                13:12:28
6 about that.  The Responses be filed by February 13.  The
7 Replies be filed by March 10, 2017.

8    That schedule is satisfactory and will be approved.

9    One question.  Assuming that such motions are filed,
10 assuming that they are -- that they might be denied, what about            13:12:53
11 the filing of Answers?  Do we -- I think the Rule says file in
12 14 days.  Is there any need to do anything different?

13    MR. ESKOVITZ:  Speaking for Theranos, Your Honor, I
14 don't think there is at this point.  I mean, we haven't seen
15 the Consolidated Complaint yet, but I don't think there's any              13:13:14
16 need to adjust that at this point.

17    THE COURT:  Okay.  You know where to find me if
18 -- well, actually you probably don't know where to find me.

19    MR. ESKOVITZ:  I've heard it's in a farther, colder
20 place than we are here.                                                    13:13:28

21    THE COURT:  We'll have a little something to say about
22 that a little later.

23    MR. ESKOVITZ:  Thank you.

24    THE COURT:  Anyway, unless other provision is made,
25 Answers will be due 14 days following the denial of any Motion             13:13:37

1   to Dismiss.
2           The one thing that there was a little divergence on in
3   your Joint Report had to do with a preliminary scheduling of
4   disclosures, discovery and a conference.
5           The proposal that I have suggests, with variations, X
6   number of days from when Responses are filed or numbers of days
7   when the Consolidated Complaint is filed.
8           My inclination is to work off of, bluntly, one step
9   different from that, which is the filing of Answers.  That's
10  what I ordinarily do.  If there's some reason to do otherwise,
11  I'll certainly listen to you.  But my inclination is to require
12  that on a schedule of 14, 21 and 28 days, that you make
13  provision for Rule 26 initial disclosures, a conference, and
14  the submission of a discovery plan.
15          Are people comfortable with working off the filing of
16  Answers?
17          MR. HELLER:  Well, Your Honor, we'll obviously defer
18  to the Court on this.  I will say that the schedule that the
19  Court is contemplating would put discovery out pretty far in
20  this case.  It wouldn't get started until, I think, March at
21  the very earliest and probably more like April or May.
22          From plaintiff's perspective, we think discovery could
23  proceed more promptly than that.  There's no mystery at this
24  point what these cases are about.  There's already ten
25  Complaints on file.  Even if full-blown discovery couldn't

1    start, we don't see any reason why Theranos couldn't be
2    gathering and producing certain documents that everybody knows
3    will be at issue, you know, documents that are being provided
4    to the Federal Government, for example, in connection with the
5    investigation that's happening, documents concerning the
6    reliability of the tests, documents concerning what Walgreens
7    knew and when.
8            These are documents that are going to be part of the
9    case really no matter what.  And so from our perspective,
10   Your Honor, we think discovery could proceed, even if it were
11   on a limited basis, a little -- a little bit earlier than that.
12           THE COURT:  I hear you.
13           MR. ESKOVITZ:  Your Honor, we're comfortable with the
14   Court's inclination.  We attempted to meet and confer about
15   this issue and weren't able to reach a resolution.
16           I will say that, you know, having not seen the
17   Consolidated Complaint, we would like -- our proposal
18   anticipates -- we'd like to have some time to evaluate it
19   before we launch right into initial disclosures and discovery
20   and we're not jammed up.
21           The other point that I think is probably worth raising
22   with the Court is that our sense is that the scope and the size
23   of this case is perhaps more limited than the plaintiffs
24   believe it to be.  And this is a case that we think would
25   benefit, and we've started this discussion, from early

1   discussions among the parties about kind of a future course.

2   So we think that there would be some value --

3   THE COURT: I'm not sure what that last comment meant.

4   MR. ESKOVITZ: I think the plaintiffs may see bigger
5   dollars here in terms of the potential issues in this case than
6   we believe there will be. And we think it would be helpful to
7   build a little bit of time in the schedule up front to allow
8   lead counsel and the defendants to talk about, you know, where
9   this case is going.

10  THE COURT: I like people to talk to one another.

11  MR. HELLER: Your Honor, if I may. I mean, plaintiffs
12  are always willing to have that sort of discussion. I don't
13  think time needs to be built in for that process. I think that
14  can happen while other stuff is going on. We can multitask, as
15  it were.

16  I think one thing that I mentioned though is, in
17  having those discussions I think it will be useful for us to
18  have certain information, the sort of information that might be
19  produced in discovery. And so these issues are sort of
20  interrelated, although not entirely.

21  THE COURT: Okay. My predisposition on this question
22  comes largely from experience of seeing a lot of cases go away
23  on motions to dismiss. So I'm hesitant to have people do a
24  bunch of work in a case that may go poof.

25  I guess my sense of things is that this case is not

1   likely to blow up very quickly.  But if it were, that would

2   be -- that would be nice, but I'm not optimistic.

3          I will think about this some more and give you an

4   answer shortly.

5          I will be asking that you -- that you roll into that

6   schedule that is suggested for the initial planning the timing

7   of both the class certification motion and the designation of

8   lead counsel, assuming class certification.

9          You have suggested that you will be wanting a

10  protective order.  That's quite normal in a case like this.  I

11  will look forward to receiving it and will take care of it.  I

12  assume you'll be able to work that out.  But if not, you

13  certainly can let us know.

14         At clerk's docket 74 there is a proposed -- proposed

15  order with respect to duties of interim co-lead counsel.  Have

16  the defendants had a chance to look at that and have a position

17  on it?

18         MR. ESKOVITZ:  I saw a draft earlier in the week and I

19  saw that something was filed today, but I haven't had a chance

20  to see what was filed.  If it's the same as what was sent in

21  draft, we do not have a position.

22         MR. COPLEY:  It is the same, Your Honor.  We ran it

23  past the defendants.  We didn't get a yes or a no, but we don't

24  view it as very controversial.  So it's straight out of the

25  manual for complex litigation.

1        THE COURT:  It looks to me pretty plain Jane.  And I
2  will approve it and have it entered.  If on reflection there is
3  any difficulty, I assume we'll talk about it and we'll get it
4  resolved one way or another.
5        Is there anything else we need to be talking about at                13:20:53
6  this point?
7        MR. ESKOVITZ:  Nothing on our side, Your Honor.  Thank
8  you.
9        THE COURT:  Okay.  I will be formalizing what we've
10 talked about today.  I will have to take about seven to ten              13:21:17
11 days to get that done because I will be on the road for the
12 next week.  Thereafter, I will be at one of those other places
13 where I hang out regularly.  I will be in Portland for the
14 following week, and I typically do some work from there also,
15 and will be doing so in connection with this case.                       13:21:36
16       My physical presence here today is simply fortuitous.
17 We were here for a trial.  I ordinarily spend most of my time
18 in Anchorage.  Somebody's probably gotten a rap sheet on me and
19 you know that my duty station is in Anchorage.  You probably
20 know that I've been a senior judge for 15 years.  And you
21 probably know that I have calendars both here in Phoenix and in
22 Anchorage.  You may or may not know that my case load is not
23 all that great, which is just fine for me, and I hope for you
24 as this matter goes along.
25       The fact that my home base is in Anchorage does mean              13:22:31

1   that we will be doing a lot of work over the telephone. I have
2   successfully done that for many years. I hope it will work for
3   you all. I hope it will save you and me some time and some
4   money in terms of traveling.
5           But that said, I do get here with some regularity. I                13:22:52
6   will be back here in November for a week-long trial. I'm not
7   sure when after that I come back. But I will endeavor to keep
8   you apprised of where I am and what I'm doing, where I will be,
9   so that if there are occasions when it would be beneficial for
10  us to have a face-to-face, we'll try and arrange that.                       13:23:19
11          With that said, I hope that we can do a lot of
12  business over the telephone, because it saves everyone.
13          Anything else that has occurred to anyone while we're
14  talking?
15          MR. COPLEY: Just a logistical question, Your Honor.                  13:23:37
16  The practice in this District is to provide hard copies to
17  chambers. And how would you like us to handle that?
18          THE COURT: Gee, I'm glad you brought that up. It's
19  something that there are always questions about it, and it just
20  completely got away from me.                                                  13:23:57
21          We have in Alaska and are used to a rule that is
22  virtually identical to that here in Arizona. I think our rule
23  is something to the effect that if the document is more than 25
24  pages long you're supposed to provide us with a hard copy. And
25  that's what I would like you to do. If you don't, we'll prompt              13:24:17

1   you, at least once.
2           I guess that takes care of it.  And that is what we're
3   looking for.
4           MR. COPLEY:  To be clear, would you like that
5   delivered to your chambers in Anchorage or here?                    13:24:39
6           THE COURT:  I'm glad you're being clear about this.
7           We want it shipped directly to Anchorage.  A lot of
8   times we get documents through Phoenix, but that takes much
9   longer.  Please send things to Anchorage.  I assume you can
10  find the address somewhere.  I don't really know what it is.  I    13:25:11
11  don't send me mail.
12          But anyway, anything else that anyone has thought of?
13          MR. ESKOVITZ:  No.  Thank you very much, Your Honor.
14          THE COURT:  Okay.
15          MR. COPLEY:  Thank you, sir.                                13:25:25
16          THE COURT:  If you do think of other things, let me
17  know.
18          We'll be in recess subject to call.
19      (Proceedings concluded at 1:25 p.m.)
20
21                          -oOo-
22
23
24
25

C E R T I F I C A T E

    I, CANDY L. POTTER, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

    I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

    DATED at Phoenix, Arizona, this 2nd day of November, 2016.


                              s/Candy L. Potter
                              Candy L. Potter, RMR, CRR