IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

In re Arizona THERANOS, INC., Litigation

No. 2:16-cv-2138-HRH
(Consolidated with
No. 2:16-cv-2373-HRH
No. 2:16-cv-2660-HRH
No. 2:16-cv-2775-HRH
– and –
No. 2:16-cv-3599-HRH)

O R D E R

Discovery Plan

Pursuant to Rule 26(f), Federal Rules of Civil Procedure, and the court's amended scheduling order,[1] the parties have proposed a discovery plan to the court.[2] This order approves certain agreements reached by the parties and rules upon those matters as to which the parties were in disagreement.

    A.    <u>Rule 26(a) Initial Disclosures</u>.

The parties have made their initial Rule 26(a) disclosures.

    B.    <u>Subjects on Which Discovery May Be Needed</u>.

Each of plaintiffs and defendants have set forth non-exclusive discovery subjects which appear appropriate to the case.

---

[1]Docket No. 103.

[2]Docket No. 130.

C. <u>Completion of Discovery / Phasing of Discovery</u>.

A date for the completion of all discovery will be set in the context of a further scheduling and planning conference to be convened at an early date following the court's ruling on class certification.

The court concurs in the parties' agreement that there not be any formal bifurcation or phasing of discovery.

The parties disagree as to whether defendants should be obligated to produce immediately documents from other litigation and government investigations. With respect to documents from other litigation or government investigations which are already in the public domain, plaintiffs have no need for intervention by the court in their gathering of such materials. To the extent that documents from other litigation and/or government investigations are within the possession or control of defendants, it is clear from the parties' statements that there is potential for disagreement; and, except as otherwise discussed below, the formulation of a discovery plan is not the time or place to consider what would otherwise be a motion for production of documents.

D. <u>Commencement of Discovery</u>.

The parties have discussed at some length their disagreement as to when discovery should be commenced. By its order of October 12, 2016,[3] all discovery was stayed pending the approval of a Rule 26 discovery plan. The question now before the court is whether, with the approval of this discovery plan, discovery should begin at once.

---

[3]Docket No. 63.

Order – Discovery Plan                                                                                            - 2 -

Plaintiffs believe that defendant Theranos may be in some financial distress, that information which they would seek may be "at risk,"[4] and that discovery will be the same whatever the court decides on a pending motion to dismiss. Plaintiffs argue that "[r]elief for Plaintiffs and the putative class members is necessary now."[5]

The court is not persuaded by any of these arguments. Plaintiffs have not offered any evidence that Theranos' financial status will lead to the loss of information otherwise discoverable in connection with this case. While the court does not disagree with plaintiffs' suggestion that discovery will be necessary irrespective of the court's decision on the motion to dismiss, the nature and breadth of appropriate discovery could most certainly be affected by the court's ruling on a motion to dismiss. More importantly, because defendants' motion to dismiss will shortly be ready for consideration by the court, the court anticipates no significant delay in the commencement of discovery. Commencing discovery now, as opposed to commencing discovery in two or three months, poses no significant delay in light of the normal shelf life of class action litigation. Subject to reconsideration in connection with ruling on defendants' motion to dismiss, defendants' answer shall be filed not later than 20 days following the court's ruling on the motions to dismiss. In any event, discovery shall commence upon the filing of defendants' answers.

As an exception to the foregoing, defendants have offered plaintiffs the opportunity to seek the production of documents now. Defendants propose to meet and confer promptly after receipt of a request for purposes of considering objections, and

---

[4]Docket No. 130 at 6.

[5]Docket No. 130 at 8.

further propose to commence production of documents within 21 days of the defendants' filing their respective answers. The court assumes that plaintiffs will accept this proposition and, if they do so, the parties shall proceed as defendants suggest. The court believes that all parties are represented by experienced counsel who should be able to resolve document production issues without court intervention.

   E.  <u>Preservation of Electronically Stored Information</u>.

The parties have confirmed to the court that they have taken appropriate steps to preserve discoverable material. They are unaware of any issues or problems concerning preservation.

The parties are negotiating an agreement for production of ESI, which the court will take up as soon as it is presented.

   F.  <u>Claims of Privilege, etc.</u> The parties have already stipulated to, and the court has approved, a protective order.[6]

   G.  <u>Limitations on Discovery</u>.

The parties agree that the Rule 30, Federal Rules of Civil Procedure, limits upon depositions be modified so that plaintiffs may collectively take up to 20 depositions, exclusive of expert depositions, and defendants may collectively take up to 20 depositions, exclusive of expert depositions.

The parties have agreed that the number of interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, be limited so that plaintiffs may collectively propound up to 50 interrogatories, defendants Theranos, Holmes, and Balwani may collectively propound up to 25 interrogatories, and defendant Walgreens may propound 25

---

  [6]Docket No. 105.

Order – Discovery Plan  - 4 -

interrogatories. With respect to requests for admissions under Rule 36, Federal Rules of Civil Procedure, the parties disagree. Rule 36 does not place a limit on the number of requests for admissions which a party may present. Defendants suggest 25 requests for admissions for plaintiffs, 25 for Theranos, Holmes, and Balwani (collectively), and 25 for Walgreens. The court adopts defendants' suggestions as regards the defendants. Plaintiffs may collectively propound up to 40 requests for admissions.

   H.  <u>Class Certifiction Proceedings</u>.

  Plaintiffs and defendants disagree as to when plaintiffs' motion for class certification should be filed. Plaintiffs suggest eight months following the court's ruling on defendants' motions to dismiss. Defendants suggest eleven months following the court's ruling on defendants' motions to dismiss. The parties agree as to timing of proceedings for class certification once plaintiffs' motion has been filed.

  Inasmuch as the difference between plaintiffs' and defendants' suggestions (eight months versus eleven months) is not significant, the court adopts plaintiffs' schedule as set out below.

| | |
|---|---|
| Plaintiffs to file amendments, if any, to their class definition | Six (6) months following the court's ruling on defendants' motions to dismiss |
| Plaintiffs to file their motion for class certification, and submit any expert reports in support of class certification | Eight (8) months following the court's ruling on defendants' motions to dismiss |
| Plaintiffs to make their class certification expert(s) available for deposition | Within thirty (30) days following the filing of plaintiffs' class certification motion |
| Defendants to file their opposition to class certification, and submit any expert reports in opposition to class certification | Forty-five (45) days following the deadline for plaintiffs to file their class certification motion |

Order – Discovery Plan   - 5 -

| | |
|---|---|
| Defendants to make their class certification expert(s) available for deposition | Within twenty-one (21) days following the filing of defendants' opposition to class certification |
| Plaintiffs to file their reply in support of class certification | Thirty-five (35) days following the deadline for defendants to file their opposition to class certification |

Especially as regards class certification discovery, the court expects counsel to work with one another cooperatively.  If, after the parties are well into the discovery relevant to class certification, additional time relevant to class certification appears necessary, the parties may certainly, jointly or  severally, seek an adjustment to the foregoing schedule pursuant to Rule 16(b)(4), Federal Rules of Civil Procedure.

Further Case Management Conferences

The parties may, jointly or  severally, request a further case management scheduling conference at any time.  The court will convene a further case management scheduling conference at a time convenient to counsel and the court shortly after the court's ruling on the class certification  motion.

Management of Protected Health Information

The parties anticipate that the management of PHI will be a problem in this case due to the significant volume of documents which are likely to contain such information.

The parties propose that the court make clear in this discovery plan that the defendants have an obligation to produce responsive documents, irrespective of whether they contain PHI.  The court accepts the proposition that for purposes of discovery of documents, the parties are all obligated to produce responsive documents, irrespective of whether they contain PHI.  For purposes of Rule 5.2(a), Federal Rules of Civil Procedure,

it will be necessary for the parties to deal with required redaction of PHI from documents filed with the court.

## Adoption of Plan

The foregoing is adopted as the discovery plan for this case, subject to possible adjustment for good cause shown pursuant to Rule 16(b)(4), Federal Rules of Civil Procedure.

DATED at Anchorage, Alaska, this  25th  day of April, 2017.

/s/ H. Russel Holland
United States District Judge