Kristen R. Seeger (*pro hac vice*)
kseeger@sidley.com
Kara L. McCall (*pro hac vice*)
kmccall@sidley.com
Lawrence P. Fogel (*pro hac vice*)
lawrence.fogel@sidley.com
Elizabeth Y. Austin (*pro hac vice*)
laustin@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: +1 312 853 7000
Facsimile: +1 312 853 7036

Bruce E. Samuels
bsamuels@lrrc.com
Lindsey Herzog
lherzog@lrrc.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
201 East Washington St., Suite 1200
Phoenix, AZ 85504-2595

*Attorneys for Defendants*
*Walgreens Boots Alliance, Inc. and*
*Walgreen Arizona Drug Company*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Arizona THERANOS, INC., Litigation | Case No. 2:16-cv-2138-HRH<br>(Consolidated with)<br>No. 2:16-cv-2373-HRH<br>No. 2:16-cv-2660-HRH<br>No. 2:16-cv-2775-HRH<br>-and-<br>No. 2:16-cv-3599-HRH<br><br>**WALGREENS' REPLY IN SUPPORT OF ITS MOTION TO SEAL CERTAIN DOCUMENTS LODGED BY PLAINTIFFS AT DOCKET NO. 318.** |

Pursuant to the Court's order of September 27, 2019 (Dkt. 324), Walgreens submits this reply in support of its Motion to Seal Certain Documents Lodged by Plaintiffs at Docket No. 318 (Dkt. 321) ("the Motion"). Walgreens will, for the most part, rest on the Motion rather than rehashing the reasons why Plaintiffs' papers disclose trade secrets and should be sealed.

1  Instead, Walgreens replies only to apprise the Court that both Plaintiffs' Opposition to the
2  Motion (Dkt. 327) and the Assignee's Motion to Seal (Dkt. 326) apply the wrong legal
3  standard.

4  Both Plaintiffs and the Assignee rely on an Arizona statutory definition of "trade
5  secret." *See* Dkt. 326 at 5; Dkt. 327 at 3 n.2; A.R.S. § 44-401.[1] This definition, however, is
6  inapplicable. Motions to seal are procedural matters governed by federal common law.
7  *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Nixon
8  v. Warner Comms., Inc.*, 435 U.S. 589, 597 n.7, 598-99 (1978). As a result, federal case law
9  supplies the definition of "trade secret" for the purpose of the Motions: "any formula, pattern,
10 device or compilation of information which is used in one's business, and which gives [the
11 business] an opportunity to obtain an advantage over competitors who do not know or use it."
12 *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Rest. of Torts § 757 cmt. b).[2]
13 This Restatement definition is controlling in the Ninth Circuit, irrespective of the Arizona
14 statute.[3]

15 As Walgreens' Motion explained, the contested pages of Wade Miquelon's deposition
16 transcript, as well as Plaintiffs' class certification and *Daubert* briefs, readily satisfy the Ninth
17 Circuit's definition of trade secret. Accordingly, the Court should grant Walgreens' Motion.

---

[1] Plaintiffs also cite an out-of-Circuit District Court opinion. *See* Dkt. 327 at 3 n.2. This definition lacks precedential value as well. As explained here, the Ninth Circuit's definition of "trade secret" controls.

[2] *See also In re Electronic Arts, Inc.*, 298 Fed. App'x. 568, 569 (9th Cir. 2008) (confirming that the Restatement definition governs in federal court).

[3] It is worth noting that these two definitions are not interchangeable. The Arizona definition is more particularized, and for good reason: it is appended to a statute authorizing equitable relief to stop trade secret misappropriation. *See* A.R.S. § 44-402. Even under Arizona state law, the Restatement of Torts is relied upon to fill in gaps left by the statute. *See Enterprise Leasing Co. of Phoenix v. Ehmke*, 197 Ariz. 144, 148 (Ariz. Ct. App. 1999) (noting that, where the ARS definition does not apply, the Restatement of Torts fills in the gaps).

1  Dated: October 11, 2019					LEWIS ROCA ROTHGERBER CHRISTIE LLP

2								By: */s/* Bruce E. Samuels
3									Bruce E. Samuels
									bsamuels@lrrc.com
4									Lindsey Herzog
									lherzog@lrrc.com
5

6								SIDLEY AUSTIN LLP

7								By: */s/* Kara L. McCall
									Kara L. McCall
8									kmccall@sidley.com
9									Kristen R. Seeger
									kseeger@sidley.com
10									Lawrence P. Fogel
									lawrence.fogel@sidley.com
11									Elizabeth Y. Austin
									laustin@sidley.com
12

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties.

/s/   Abigail B. Molitor