IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | No. 2:16-cv-2138-HRH |
| | ) | (Consolidated with |
| Arizona THERANOS, INC., Litigation | ) | No. 2:16-cv-2775-HRH |
| | ) | – and – |
| _____ | ) | No. 2:16-cv-3599-HRH) |

O R D E R

Motion to Withdraw as Holmes' Attorney[1]

The Cooley, LLP. law firm and attorneys Stephen C. Neal, John C. Dwyer, and Jeffrey D. Lombard move to withdraw as counsel of record for defendant Elizabeth Holmes. Plaintiffs do not oppose the motion to withdraw on its merits, but, rather, point out that the Cooley attorneys have not complied with the requirements of Local Civil Rule 83.3(b)(1) that withdrawing attorneys provide all other parties with the "last known residence and last known telephone number" of the client.[2] The plaintiffs offer a solution to the issue of whether or not Holmes' residence and phone number should be publicly disclosed. Counsel for Holmes respond with an alternate suggestion for resolving the disclosure issue.[3]

In recognition of the notoriety which this case has drawn, plaintiffs suggest that Holmes' residence address and telephone number be provided to other counsel under seal

---

[1]Docket No. 325.

[2]Docket No. 335.

[3]Docket No. 338.

and subject to designation as "Confidential – Attorney's Eyes Only" information under the protective order entered in this case.[4]  Holmes objects to the foregoing and proposes that other counsel be provided with with Holmes' email address, also subject to the "Confidential – Attorney's Eyes Only" designation under the protective order, with Ms. Holmes agreeing to accept all forms of service via the email address.[5]

      Ms. Holmes has legitimate concerns because of the notoriety of this case.  Other parties to this case to this case have legitimate concerns about their ability to effect service of discovery or other documents and for communicating with Ms. Holmes on routine matters during whatever period she participates in this case pro se.  Given Ms. Holmes' concerns, strict enforcement of Local Civil Rule 83.3(b)(1) is not appropriate, and the court will not require the public disclosure of her last know residence address or telephone number.  For purposes of effecting routine communications, the court concludes that use of an email address for routine communications with Ms. Holmes will be appropriate as an alternative to a telephone number.

      With respect to a current residence address, however, other parties must have a physical location for Ms. Holmes for purposes of service of case materials that cannot be easily transmitted by email.  The court recognizes that physical locations can be changed easily, and in that regard, Ms. Holmes' attention is directed to Local Civil Rule 83.3(d) which requires that an unrepresented person file notices of address changes with the court.  Under the circumstances of this case, it will be appropriate for Ms. Holmes' email address and her present and any future notice of physical residence address be filed with the court

---

    [4]Docket No. 105.

    [5]Docket No. 338 at 2.

under seal and designated as "Confidential – Attorney's Eyes Only" material under the protective order entered in this case.[6]

Upon the filing of a notice by a Cooley attorney that the foregoing information (an email address and current physical address for Holmes) have been filed under seal, the court will grant counsel's motion to withdraw.

DATED at Anchorage, Alaska, this  5th  day of November, 2019.

/s/ H. Russel Holland
United States District Judge

---

[6]Docket No. 105.