# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTICT OF ARIZONA

| | |
|---|---|
| IN RE: Arizona THERANOS, INC., Litigation | No. CV-16-02138-PHX-DGC<br><br>(Consolidated)<br><br>**CASE MANAGEMENT ORDER** |

After considering the parties' joint discovery memorandum (Doc. 432) and the matters discussed during the hearing on December 21, 2021, the Court enters the following Case Management Order to govern the remainder of this litigation:

1. <u>Fact Discovery</u>. Fact discovery is complicated by the fact that Defendant Holmes is now in a criminal trial related to this case and Defendant Balwani begins such a criminal trial on February 15, 2022, and will be involved in the trial for three or four months. The Court concludes that discovery should proceed, but that discovery affecting Ms. Holmes and Mr. Balwani should occur only after their respective criminal trials have been completed. The Court accordingly sets a deadline for completing all fact discovery, including discovery by subpoena, of **September 30, 2022**, but with the following limitations:

    a. All discovery directed to Ms. Holmes shall be stayed until 30 days after the completion of her criminal trial, and all discovery to Mr. Balwani shall be stayed until 30 days after the completion of his criminal trial.

      b.      Written discovery directed to Walgreens or third parties may proceed immediately. All interrogatories, requests for production of document, and requests for admissions shall be served at least **45 days** before the discovery deadline set above.

      c.      Deposition discovery directed solely to the battery and medical battery claims may proceed immediately.

      d.      Deposition discovery related to the claims against Ms. Holmes shall be stayed until 30 days after the completion of her criminal trial, and deposition discovery related to the claims against Mr. Balwani shall be stayed until 30 days after the completion of his criminal trial.

2.    <u>Expert Disclosures and Discovery</u>.

      a.      Plaintiffs shall provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, by **October 28, 2022**.

      b.      Defendants shall provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, by **December 2, 2022**.

      c.      Plaintiffs' rebuttal expert disclosures, if any, shall be made by **December 30, 2022**. Rebuttal experts shall be limited to responding to opinions stated by Defendants' experts.

      d.      Expert depositions shall be completed by **January 27, 2023**.

      e.      Disclosures under Rule 26(a)(2)(A) must include the identities of witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B). Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above. Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witness will testify, but must also provide a summary of the facts and opinions to which the expert will

testify. The summary, although clearly not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.[1]

      f.      As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on the dates set forth above; absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates. The Court notes, however, that it usually permits parties to present opinions of their experts that were elicited by opposing counsel during depositions of the experts. Counsel should depose experts with this fact in mind.

      g.      Each side shall be limited to one retained or specifically employed expert witness per issue.

3.      Discovery Disputes.

      a.      If a discovery dispute arises, the parties promptly shall call the Court to request a telephone conference concerning the dispute. The Court will seek to resolve the dispute during the telephone conference, and may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing if it does not resolve the dispute during the telephone conference. The parties shall not file written discovery motions without leave of Court.[2]

      b.      Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort

---

[1] In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id.* at 826. Thus, for opinions formed outside the course of treatment, Rule 26(a)(2)(B) written reports are required. *Id.* For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures suffice.

[2] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered correspondence with attachments.

as required by Local Rule of Civil Procedure 7.2(j).  Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

    c. Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery, and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

  4. <u>Dispositive Motions</u>.

    a. Dispositive motions shall be filed by **February 24, 2023**.

    b. Statements of fact required by Local Rule of Civil Procedure 56.1 shall not exceed ten pages in length, exclusive of exhibits.  The parties should review *Hunton v. Am. Zurich Ins. Co*., No. CV-16-00539-PHX-DLR, 2018 WL 1182552, at *5 (D. Ariz. Mar. 7, 2018), before briefing summary judgment motions.

    c. The parties shall not notice oral argument on any motion.  Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion or response pursuant to Local Rule of Civil Procedure 7.2(f).  The Court will issue an order scheduling oral argument as it deems appropriate.

  5. <u>Good Faith Settlement Talks</u>.  All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **October 14, 2022**.  Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel.  The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks.  The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case.  The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

  6. <u>The Deadlines Are Real</u>.  The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities

accordingly. The parties are specifically informed that the Court will not, absent truly unusual circumstances, extend the schedule in this case to accommodate settlement talks.

7. <u>Briefing Requirements</u>.

a. All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13 point font in text and footnotes.

b. Citations in support of any assertion in the text shall be included in the text, not in footnotes.

8. <u>Pre-motion Conference</u>.

The Court will hold a conference with the parties before motions for summary judgment are filed. The purpose of the conference will be to narrow issues and focus the briefing, and perhaps dispense with statements of fact under Local Rule 56.1. The parties shall exchange two-page letters describing any anticipated motions for summary judgment and responses, identifying the issues and claims on which summary judgment will be sought and the basis for the motions and responses. The parties shall file these letters with the Court by **January 20, 2023**, and shall call the Court the same day to schedule a time for a pre-motion conference.

9. <u>Status Conference.</u>  The Court will hold a status conference with the parties on **May 19, 2022**, at **2:00 p.m.**  Counsel may participate by telephone.

Dated this 23rd day of December, 2021.

David G. Campbell
Senior United States District Judge