**Sidley Austin LLP**
One South Dearborn Street
Chicago, IL 60603
Telephone: +1 312 853 7000
Facsimile: +1 312 853 7036

**Kristen R. Seeger** (*pro hac vice*)
kseeger@sidley.com
**Kara L. McCall** (*pro hac vice*)
kmccall@sidley.com
**Lawrence P. Fogel** (*pro hac vice*)
lawrence.fogel@sidley.com
**Stephanie C. Stern** (*pro hac vice*)
sstern@sidley.com

**Papetti Samuels Weiss LLP**
Scottsdale Quarter
15169 North Scottsdale Road
Suite 205
Scottsdale, AZ 85254

Bruce E. Samuels (State Bar No. 015996)
bsamuels@pswfirm.com

*Attorneys for Defendants Walgreens*
*Boots Alliance, Inc. and Walgreen Arizona Drug Company*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Arizona THERANOS, INC., Litigation, | No. 2:16-cv-2138-DGC<br>(Consolidated with)<br>No. 2:16-cv-2373-DGC<br>No. 2:16-cv-2660-DGC<br>No. 2:16-cv-2775-DGC<br>-and-<br>No. 2:16-cv-3599-DGC<br><br>**DEFENDANTS WALGREENS BOOTS ALLIANCE, INC. AND WALGREEN ARIZONA DRUG CO.'S OBJECTION TO PLAINTIFFS' PROPOSED CLASS NOTICE** |

Defendants Walgreens Boots Alliance, Inc. and Walgreen Arizona Drug Co. ("Walgreens") hereby submit the following objection ("Objection") to one aspect of Plaintiffs' proposed class notice. *See* Dkt. 445.

1.  On December 23, 2021, the Court ordered Plaintiffs to submit a plan for class notice by January 28, 2022. *See* Dkt. 436 at 6. Plaintiffs shared a proposed draft

notice plan and corresponding exhibits with Defendants on January 19, 2022. Plaintiffs and Defendants conducted a meet and confer on January 26, 2022, during which, Plaintiffs stated—for the first time—that they planned to use the URL of www.TheranosWalgreensLawsuit.com as the class action website name. Walgreens identified reasons why it thought this URL was inappropriate, and instead suggested using some form of the case name. After further meet and confer, at approximately 10:30 am CST on January 28, 2022, Plaintiffs informed Walgreens that it would not change the website name.

2. Walgreens hereby submits this objection to use of any URL containing Walgreens' name.

3. The only explanation Plaintiffs have provided for using the "Walgreens" name in the URL is because many of the Theranos tests were performed at Walgreens and because Walgreens is a defendant for most of the class claims. Dkt. 445 at 5 n.5. Thus, according to Plaintiffs, including Walgreens in the website name is necessary to "provide[] the most clarity for class members." *Id.*

4. This might be a sound argument *if* the notice going to class members did not otherwise, and clearly, identify Walgreens, but this is not the case:

    a. Plaintiffs' direct notice efforts (i.e., direct mail and email notice), repeatedly and clearly identify Walgreens. Indeed, the header in both forms of notice states in bold on the first page, "If you purchased Theranos blood testing services, including at a Walgreens store, a class action lawsuit may affect your rights." Dkt. 445-3 at 2. And, as admitted by Plaintiffs and described in their Notice Plan, the "direct notice efforts (i.e., direct mail and email notice) will reach a substantial majority of the class members." Dkt. 445 at 4.

    b. The majority of the remainder of the class will be notified through a press release or digital ads, which similarly and clearly reference Walgreens:

2

- The press release title is, "If you purchased Theranos blood testing services, including at a Walgreens store, a class action lawsuit may affect your rights." Dkt. 445-5 at 2.
- The digital ads also state, "If you purchased Theranos blood testing services, including at Walgreens stores, a class action lawsuit may affect your rights," or "Purchasers of Theranos blood testing services, including at Walgreens, may be affected." Dkt. 445-4.

5. Moreover, anyone notified through direct mail or the press release will be provided the website address in the mail and press release. Similarly, anyone notified by email notice or the digital ads will be provided a hyperlink to the website.

6. Consequently, when potential class members first learn about the lawsuit, they will be oriented to the fact that a test might have occurred at a Walgreens store because Walgreens' name will be featured prominently in all notice materials. Only after seeing Walgreens featured prominently in the headlines of the direct and supplemental notice materials (including the digital ads) will a potential class member look further to find the class website embedded in the notice. Thus, by the time they get to the website name, a potential class member is fully oriented to the case and there is no reason to further call out Walgreens as an involved Defendant.

7. The purpose of a class notice is to apprise class members of their rights with respect to the class action lawsuit and "to fulfill requirements of due process to which the class action procedure is of course subject." Rules Advisory Committee Notes to Fed. R. Civ. P. 23; *see also Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) (due process requires that service provides "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections") (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

3

8. For the reasons explained above, using the "Walgreens" name in the URL is unnecessary to apprise class members of their rights. As Walgreens also pointed out to Plaintiffs during meet-and-confer, there is no reason for specifically calling out Walgreens in the URL when Walgreens is not in the case caption and the other co-Defendants, Ramesh Balwani and Elizabeth Holmes, are left out of the website name.

9. Further, the use of Plaintiffs' proposed website name will substantially prejudice Walgreens. Walgreens has store locations nationwide and a brand reputation that it has been building since it was founded in 1901. Customers visit and use Walgreens for a variety of purposes, and therefore conduct online searches of Walgreens for a variety of reasons—including, for example, filling prescriptions, finding out where the closest Walgreens store is located, and scheduling vaccine appointments. If Plaintiffs' proposed website name is utilized, it will result in customers and potential customers of Walgreens who had no involvement in Theranos testing being routed to the class website, a result that is not only confusing to the individual customer but highly prejudicial to Walgreens' brand—it automatically links potential customers who are completely uninvolved with the lawsuit to Plaintiffs' unproven allegations.

10. Accordingly, there is absolutely no need for the use of Plaintiffs' proposed URL and its use will result in substantial prejudice to Walgreens. Therefore, Walgreens objects to the inclusion of Plaintiffs' proposed URL and instead requests that the Court approve a notice that tracks the case caption, www.ArizonaTheranosLitigation.com.

RESPECTFULLY SUBMITTED this 28th day of January, 2022.

By: /s/Bruce E. Samuels
Bruce E. Samuels
PAPETTI SAMUELS WEISS LLP

By: /s/ Kara L. McCall

SIDLEY AUSTIN LLP
Kara L. McCall (pro hac vice)
Kristen R. Seeger (pro hac vice)
Lawrence P. Fogel (pro hac vice)
Stephanie Stern (pro hac vice)
kmccall@sidley.com
kseeger@sidley.com
lawrence.fogel@sidley.com
sstern@sidley.com

*Attorneys for Defendants
Walgreens Boots Alliance, Inc. and
Walgreen Arizona Drug Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties.

/s/ Kara L. McCall

Papetti Samuels Weiss LLP
Scottsdale Quarter
15169 North Scottsdale Road, Suite 205
Scottsdale, AZ 85254

Papetti
Samuels
Weiss