**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>Arizona THERANOS, INC., Litigation, | No. 2:16-cv-2138-DGC<br>(Consolidated with)<br>No. 2:16-cv-2373-HRH<br>No. 2:16-cv-2660-HRH<br>No. 2:16-cv-2775-DGC<br>-and-<br>No. 2:16-cv-3599-DGC<br><br>**ORDER DECERTIFYING THE THERANOS EDISON SUBCLASS AND APPROVING CLASS NOTICE** |

The Court has reviewed Plaintiffs' proposed plan for class notice (the "Notice Plan"), Docs. 445, 445-1, as well as the objection filed by Defendants Walgreens Boots Alliance, Inc. and Walgreen Arizona Drug Co. (Doc. 446). The Court fill decertify the Theranos Edison Subclass, adopt the Notice Plan, and sustain the objection to the proposed URL name for the class website.

A. <u>Decertification of the Theranos Edison Subclass</u>.

In its order redefining the Walgreens Edison Subclass, the Court noted that Theranos is now defunct and questioned why a battery subclass known as the Theranos Edison Subclass should be created. Doc. 436 at 6. In response, Plaintiffs confirm that "Theranos is the lone defendant for that subclass" and it would be "wasteful of Court and party resources to include that subclass in this case going forward through trial, given the defunct state of the Theranos entity." Doc. 445 at 11. Plaintiffs state, however, that they are

1

"hesitant to request dropping these battery and medical battery claims against Theranos (and thus drop this particular subclass), given defendants' prior misguided arguments . . . that Plaintiffs' decision to not pursue certain forms of individualized relief in this case called their adequacy as class representatives into question." *Id.*

This is not a legitimate basis for maintaining a subclass where no recovery is possible, particularly when the adequacy arguments have been rejected by this Court. Because pursuing the Theranos Edison Subclass would confer no benefit on the named Plaintiffs and class members and would unnecessarily consume time and resources of the Court and the parties, the Court will decertify the Theranos Edison Subclass. *See* Doc. 436 at 6. The only subclass for battery and medical battery claims in this case shall be the Walgreens Edison Subclass, previously defined as follows:

> Walgreens Edison Subclass: All purchasers of Theranos testing services who were subjected to "tiny" blood draws by a Walgreens employee between November 2013 and March 2015. The Walgreens Edison Subclass is limited to pursuing battery and medical battery claims against Defendant Walgreens and is precluded from seeking damages for emotional distress, retesting, or subsequent medical care.

*Id.*

B. Approval of Class Notice Plan.

1. The parties have conferred about the proposed Notice Plan. Doc. 445 at 1 n.1. Other than objecting to the proposed URL name, Defendants do not object to any aspect of the plan. Doc. 446. The Court has reviewed the Notice Plan and finds that it satisfies the requirements of Rule 23(c)(2). With the exception of the proposed URL name and references to it and the Theranos Edison Subclass in the class notice documents, the Court approves the Notice Plan. This approval includes the proposed methods of providing notice, the proposed forms of notice attached as Exhibits B through D to the Declaration of Jennifer M. Keough (Doc. 445-1 – "Keough Decl."), and the proposed procedure for

class members to opt-out. The Court directs the parties and the Class Administrator to implement the Notice Plan.[1]

2. <u>Class Administrator</u>: The Court appoints JND Legal Administration ("JND") to serve as Class Administrator and directs JND to carry out all duties and responsibilities of the Class Administrator as specified in the Notice Plan.

3. <u>Class Notice List</u>: Within forty-five (45) days after entry of this Order, Plaintiffs' retained database expert, Arthur Olsen of Cassis Technology, LLC ("Plaintiffs' Database Expert"), shall provide the Class Administrator and counsel for all parties with a list (the "Class Notice List") of Arizona and California Theranos patients for whom a mailing address, an email address, or both is available in the spreadsheets produced by Theranos and the Theranos Assignee in this litigation, along with their corresponding mail and/or email addresses. Defendants shall thereafter have fourteen (14) days to review and raise with Plaintiffs any objections regarding the Class Notice List. Any objections regarding that cannot be resolved among the parties through a good faith meet and confer shall be raised with the Court in a conference call arranged by the parties.

4. <u>Direct Mail Notice</u>: By no later than thirty (30) days after the parties (or, if the parties cannot agree, the Court) deem the Class Notice List finalized (hereinafter, the "Notice Date"), the Class Administrator shall send notice, substantially in the form attached as Exhibit B to the Keough Decl., via First-Class U.S. mail to all persons for whom there is a mailing address on the Class Notice List. The Class Administrator shall use the mailing address included in the Class Notice List, after updating the mailing address through the U.S. Postal Service National Change of Address database. For mailed notices that are returned undeliverable with forwarding address information, the Class

---

[1] The proposed forms of notice should be revised to include the correct URL name – TheranosLawsuit.com – as discussed below. They should also be revised to delete references to the Theranos Edison Subclass and the battery claims against Theranos, as discussed above. *See, e.g.*, Doc. 445-3 at 2 ("Walgreens and Theranos committed battery"), 2 (mentioning claims against "Theranos and Walgreens . . . for the dignitary harm incurred by the customers whose blood was drawn with fingerpricks"), 6 (mentioning Theranos Edison Subclass and battery claims against Theranos); Doc. 445-5 (similar). Plaintiffs should make these changes and share them with Defendants before class notice occurs.

Administrator shall re-send the notice to the new address within seven (7) days of receiving the returned mailed notice. For mailed notices that are returned undeliverable without forwarding address information, the Class Administrator shall conduct an industry standard "skip trace" to try to identify updated address information and re-send the notice if an updated address is identified.

5. <u>Direct Email Notice</u>: By no later than the Notice Date, the Class Administrator shall email notice, substantially in the form attached as Exhibit B to the Keough Decl., to all persons for whom there is an email address on the Class Notice List. The "sender" of the email notice shall be "Theranos Class Administrator" and the subject line shall be "Notice of Theranos Class Action." Persons with both a mailing address and an email address on the Class Notice List shall be sent both mail and email notice.

6. <u>Supplemental Notice</u>:

    a. *Social Media and Internet Notice*: Commencing no later than the Notice Date and continuing for forty-five (45) days after the Notice Date, the Class Administrator shall implement or cause to be implemented a targeted social media and internet notice program – directed at persons who have expressed an interest in Theranos or other subjects related to this case and who reside in the geographic locations where Theranos testing occurred (i.e., Arizona and the San Francisco Bay area) – as such program is described at paragraphs 25-26 of the Keough Decl. The digital advertisements used for such program shall be substantially in the form attached as Exhibit C to the Keough Decl.

    b. *Press Release*: No later than seven (7) days following the Notice Date, the Class Administrator shall cause a one-time nationwide press release, substantially in the form attached as Exhibit D to the Keough Decl., to be issued.

7. <u>Case Website</u>. The Class Administrator shall also establish and maintain a dedicated case website, at the URL www.TheranosLawsuit.com,[2] where class members can register to receive case updates, update their contact information, obtain further

---

[2] The Court agrees with the objection of Defendants Walgreens Boots Alliance, Inc. and Walgreen Arizona Drug Co. (Doc. 446) to the originally-proposed URL name, and finds that the inclusion of "Walgreens" in the URL name is unnecessary and could be unfairly prejudicial to Walgreens' other business.

information about the case, and view key case documents, including the operative Second Amended Complaint, the class certification orders (Doc. 369, 436), and other documents as agreed to by the parties or ordered by the Court. The web address of the case website shall be included in all forms of notice. The digital advertisements pursuant to the social media and internet notice program shall link (by clicking on the ad) to the case website where the content of the mailed/emailed notice will be available in a Frequently Asked Questions format. The case website shall be operational by no later than one (1) day before the first mail or email direct notices are sent.

8. Opt-Out Procedure. Any person within the Class and/or the Subclasses may exclude themselves by sending a valid request for exclusion. To be valid, a request for exclusion must be mailed to the Class Administrator at the mailing address provided on the notice and on the case website, postmarked by no later than sixty (60) days following the Notice Date (the "Opt-Out Deadline"), and must include the following: name, mailing address, telephone number, email address (if any), signature, and a clear statement that "I wish to be excluded from the Class in *In re Arizona Theranos, Inc. Litigation*, Case No. 2:16-cv-2138-DGC." If the person submitting the exclusion request is doing so on behalf of a class member (such as an attorney or estate), that person shall state his, her, or its full name and the basis of his, her, or its authority to act on behalf of the class member. Mass or group opt-outs shall not be permitted. The Class Administrator shall receive and process opt-out requests, update the parties periodically regarding same, and submit to the Court, within fourteen (14) days following the Opt-Out Deadline, a declaration confirming that the class notice program has been implemented and including a list of those persons who submitted timely and valid requests for exclusion.

9. Payment of Class Notice Program Costs. Class Counsel shall bear all costs and expenses of the Class Notice, Class Administrator, and Plaintiffs' Database Expert, in implementing the class notice program, subject to possible reimbursement at a later stage of the litigation. *See Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137, 1143 (9th Cir.

2009); 3 William B. Rubenstein, Alba Conte, and Herbert B. Newberg, *Newberg on Class Actions* § 8:6 (4th ed. 2007)).

10. <u>Summary of Class Notice Schedule</u>

The following chart summarizes the deadlines/schedule for class notice as set forth in this Order:

| **Event** | **Date/ Deadline** |
|---|---|
| Order Directing Notice Entered by Court | Date this order is docketed |
| Plaintiffs' Database Expert to Provide Class Notice List to Class Administrator and Counsel for the Parties | 45 days after Order Directing Notice |
| Notice Date (direct notice mailed/emailed; commencement of social media/internet notice and case website) | 30 days after Class Notice List is deemed finalized |
| Press Release | 7 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Class Administrator to Submit Declaration Confirming Implementation of Class Notice Plan and Providing List of Timely Exclusion Requests | 14 days after Opt-Out Deadline |

Dated this 2nd day of February, 2022.

_David G. Campbell_
David G. Campbell
Senior United States District Judge