# EXHIBIT E

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement"), entered into as of August __, 2023, is made by and among Plaintiffs A.J. (as personal representative of the estate of Plaintiff S.J.), A.R., B.B., B.P., D.L., R.G, and S.L. (collectively, "Plaintiffs"), on behalf of themselves and the members of the certified Class in this action (the "Class Members"); and Ramesh Balwani ("Mr. Balwani"), subject to approval of the United States District Court for the District of Arizona (the "Court"). Plaintiffs and Mr. Balwani are referred to individually herein as a "Party" or collectively as the "Parties."

## R E C I T A L S

**A.** In 2016, certain plaintiffs commenced putative class actions in the United States District Court for the District of Arizona alleging deceptive, unfair, and unlawful conduct by Theranos, Inc. ("Theranos"), Walgreens Boots Alliance Incorporated and Walgreens Arizona Drug Co. (together, "Walgreens"), and eventually Elizabeth Holmes ("Ms. Holmes"), and Mr. Balwani, which were consolidated in *In re Arizona Theranos, Inc. Litigation* No. 2:16-cv-02138-GMS (D. Ariz.) (the "Class Action").

**B.** On March 6, 2020 the Court entered an Order: (a) certifying for class treatment certain claims against Walgreens, Theranos, Ms. Holmes, and Mr. Balwani, on behalf of a class defined as: "All purchasers of Theranos testing services, including consumers who paid out-of-pocket, through health insurance, or through any other collateral source (collectively, "purchasers") between November 2013 and June 2016" (the "Class"); and (b) appointed Plaintiffs to serve as representatives of the Class.

**C.** Plaintiffs and Walgreens have reached a settlement of their respective claims and defenses in the Class Action for which they are seeking court approval pursuant to Fed. R. Civ. P. 23(e) ("Walgreens Class Settlement").

**D.** Theranos filed a Notice of Dissolution and entered into an assignment for the benefit of creditors in 2018 (Dkt. 216) in which Theranos, on September 12, 2018, executed a General Assignment pursuant to which it assigned all of its assets and liabilities to Theranos (assignment for the benefit of creditors), LLC (the "Assignee") for the benefit of Theranos's creditors (the "Assignment").

**E.** Mr. Balwani filed two claims against the Assignment estate, one premised on an asserted obligation to indemnify Mr. Balwani for certain litigation costs and one premised on his equity interest in Theranos (collectively, the "Balwani Assignee Claim").

**F.** Plaintiffs filed, on behalf of themselves and others similarly situated, a general unsecured claim against the Assignment estate, premised on Theranos's alleged liability in the Class Action (the "Plaintiffs Assignee Claim").

**H.** Walgreens Co. filed a general unsecured claim against the Assignment estate, premised on a certain promissory note and settlement agreement (the "Walgreens Assignee Claim").

**I.** Under applicable law the Assignee has discretion to approve, disapprove, and value claims on the Assignment estate, subject to a fiduciary duty to creditors.

**J.** The Assignee has represented that the funds in the Assignment estate are substantially less than would be necessary to pay all claims against the Assignment estate. The Assignee has further represented and warrantied to the Parties and Walgreens that the existence of the Balwani Assignee Claim has delayed, and would continue to delay, the Assignee's distribution of the Assignment estate's limited assets and, to the extent the Balwani Assignee Claim is ultimately approved, would diminish the remaining assets for distribution to other of Theranos's creditors.

**K**. As set forth in this Agreement, Mr. Balwani has represented and warrantied to Plaintiffs that he has substantial debt and lacks the ability to pay any judgment that may be entered against him in the Class Action.

**L.** The Parties have engaged in discussions and negotiations and ultimately agreed to resolve their disputes to achieve finality for the claims asserted in the Class Action pursuant to the terms and conditions set forth in this Agreement.

**M.** This Agreement is subject to the Court's approval under Fed. R. Civ. P. 23(e). Should the Court decline to issue preliminary approval or final approval of this Agreement, the Parties do not waive, and instead expressly reserve, all rights to prosecute and defend the Class Action as if this Agreement had never been reached.

**NOW, THEREFORE,** in consideration of the mutual agreements and promises set forth below, and dismissals of the claims asserted against Mr. Balwani in the Class Action, subject to approval by the Court, the Parties agree as follows:

## SETTLEMENT CONSIDERATION

1. <u>Representation of Inability to Pay Judgement</u>. Mr. Balwani represents and warrants that he has substantial debt and lacks meaningful resources or assets to pay a money judgment, if any, that might be entered against him in this action—including cash, precious metals, stocks, bonds, payable mortgage interests, real property interests, debentures, notes receivable, or any other tangible or intangible property interest for paying for the Class Members' claims against him.

2. <u>Balwani Mutual Release</u>. To help facilitate and expedite the distribution by the Assignee of the limited funds in the Assignment estate, including to the Class Members, Mr. Balwani will execute, or is executing contemporaneously herewith, an agreement with the Assignee releasing in its entirety the Balwani Assignee Claim.

## RELEASES

3. <u>Release of Class Action Claims</u>. In exchange for the consideration set forth in this Agreement, upon the Effective Date as defined in paragraph 6 herein ("<u>Effective Date</u>"), Plaintiffs and the Class Members, along with their respective family members, children, parents, spouses, legal representatives, heirs, executors, administrators, predecessors, successors in interest,

transferees, and assignees, release and forever discharge Mr. Balwani from all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that were (i) asserted in the Class Action or (ii) could have asserted in any court or forum that arise out of or are based upon the same allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Class Action and that relate to Theranos testing services (the "Plaintiffs Released Claims"). The Plaintiffs Released Claims shall in all respects be construed as broadly as possible as to the claims asserted, consistent with all applicable law, to effect complete finality over the Class Action.

4. Release by Mr. Balwani. Upon the Effective Date, Mr. Balwani shall release and forever discharge all claims and causes of action of every nature and description against Plaintiffs and the Class Members and their respective family members, children, parents, spouses, legal representatives, heirs, executors, administrators, predecessors, successors in interest, transferees, and assignees, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, based upon the institution, prosecution, or settlement of the claims asserted in the Class Action.

5. Opt-Outs Not Included in Class or Release. Those persons within the Class definition who have timely and validly opted out of the Class shall not be Class Members and are not subject to this Agreement or any of the releases set forth in this Agreement.

## SETTLEMENT APPROVAL

6. Effectiveness. This Agreement is subject to Court approval, pursuant to Fed. R. Civ. P. 23(e), following notice to Class Members. This Agreement shall become effective upon the later of (a) the expiration of the time to appeal the order of the District Court approving this Agreement in accordance with its terms ("Judgment"), with no appeal having being filed; and (b) if any such appeal has been filed, the appeal has been dismissed or the appellate court has affirmed the Judgment in all material respects and the prescribed time for commencing any further appeal or request for further review in any court has expired.

7. Notice and Approval Process. Notice of this Settlement Agreement will be disseminated to the Class Members pursuant to a notice program set forth in the Walgreens Class Settlement or as otherwise directed by the Court, and Class Plaintiffs will ask the Court to approve this Settlement Agreement pursuant to the proposed approval process set forth in the Walgreens Class Settlement or such other process directed by the Court.

8. Attorneys' Fees, Expenses, and Costs. Counsel previously appointed by the Court to represent the Class ("Class Counsel") intend to seek an award of attorneys' fees and expenses from the common settlement fund to be funded by Walgreens pursuant to the Walgreens Class Settlement ("Settlement Fund"). With respect to this present Agreement only, each Party shall be solely responsible for their own respective litigation fees, attorneys' fees, expenses, and other costs

and expenses incurred in connection with this Agreement, provided that nothing herein shall foreclose Class Counsel from: (a) citing this Agreement as a basis for attorneys' fees and/or expenses awarded from the Settlement Fund; or (b) requesting that the Court award them a portion of any amounts distributed by the Assignee to the Class Members.

## OTHER TERMS

9. <u>Agreement Entered into Voluntarily; No Reliance on Representations</u>. This Agreement is entered into freely and voluntarily. Each Party hereto has executed this Agreement with full knowledge of its significance and with the express intention of implementing its terms. No Party has relied upon any representation of any other Party in signing this Agreement except for representations specifically set forth in this Agreement.

10. <u>No Waiver</u>.  The failure by any Party to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement, or a course of dealing among the Parties, shall not be a waiver of such terms or conditions or of such Party's right thereafter to enforce each and every term and condition of this Agreement.

11. <u>Integration; Construction</u>.  This Agreement constitutes the entire agreement between and among the Parties. The Parties further agree that the recitals set forth above are incorporated as terms of this Agreement.  The Parties agree that this Agreement may not be altered, amended, modified, or otherwise changed except by a written instrument executed by the Parties. The Parties further agree that because each Party has been active in the preparation and negotiation of the terms of this Agreement, it shall not be construed against any Party in the event of any dispute as to the meaning of its terms.

12. <u>Further Assurances</u>.  The Parties shall execute all such further and additional documents as shall be reasonable, convenient, necessary, or desirable to carry out the provisions of this Agreement and shall in good faith undertake all reasonable efforts to effectuate the provisions of this Agreement. The Parties shall take all steps necessary to obtain and implement final approval of this Agreement and to defend any final judgment approving this Agreement through all stages of any appeals that may be taken, regardless of who prosecutes the appeal.

13. <u>Successors and Assigns</u>.  All terms of this Agreement shall bind and inure to the benefit of the Parties' respective successors, assigns, heirs, representatives, agents, transferees, directors, attorneys, and principals.

14. <u>Governing Law</u>.  This Agreement shall be exclusively governed by and construed according to the laws of the State of Arizona, without regard to conflicts of laws.

15. <u>Severability</u>.  In the event that, at any time after the execution of this Agreement, any portion or section of it is found to be illegal, invalid, unenforceable, non-binding, or otherwise without legal force or effect, the remaining portion(s) and section(s) will remain in force and be fully binding.

16. <u>Headings</u>.  Headings are for convenience only and shall not limit, expand, affect, or alter the meaning of any text.

17. <u>Execution</u>.  This Agreement may be executed in counterparts by the Parties, each of which shall be deemed an original, and shall be valid and binding on each Party as if fully executed in one copy. Facsimile and electronic signatures are sufficient to bind the Parties.

[*signature page to follow*]

THE UNDERSIGNED HAVE CAREFULLY READ THE FOREGOING AGREEMENT, KNOW ITS CONTENTS, FULLY UNDERSTAND IT, AND SIGN IT AS HIS OR HER OWN FREE ACT.

**Ramesh ("Sunny") Balwani**

By: _[signature]_

Date: 8/27/23

**A.J. (as personal representative of the estate of Plaintiff S.J.)**

By: _____

Date: _____

**Plaintiff A.R.**

By: _____

Date: _____

**Plaintiff B.B.**

By: _____

Date: _____

**Plaintiff B.P.**

By: _____

Date: _____

THE UNDERSIGNED HAVE CAREFULLY READ THE FOREGOING AGREEMENT, KNOW ITS CONTENTS, FULLY UNDERSTAND IT, AND SIGN IT AS HIS OR HER OWN FREE ACT.

**Ramesh ("Sunny") Balwani**

By: _____

Date: _____

**A.J. (as personal representative of the estate of Plaintiff S.J.)**

By: _____*[signature: AJJ]*_____

Date: _____September 5, 2023_____

**Plaintiff A.R.**

By: _____

Date: _____

**Plaintiff B.B.**

By: _____

Date: _____

**Plaintiff B.P.**

By: _____

Date: _____

6

THE UNDERSIGNED HAVE CAREFULLY READ THE FOREGOING AGREEMENT, KNOW ITS CONTENTS, FULLY UNDERSTAND IT, AND SIGN IT AS HIS OR HER OWN FREE ACT.

**Ramesh ("Sunny") Balwani**

By: _____

Date: _____

**A.J. (as personal representative of the estate of Plaintiff S.J.)**

By: _____

Date: _____

**Plaintiff A.R.**

By: *[signature]* _____

Date: 09/06/2023 _____

**Plaintiff B.B.**

By: _____

Date: _____

**Plaintiff B.P.**

By: _____

Date: _____

THE UNDERSIGNED HAVE CAREFULLY READ THE FOREGOING AGREEMENT, KNOW ITS CONTENTS, FULLY UNDERSTAND IT, AND SIGN IT AS HIS OR HER OWN FREE ACT.

**Ramesh ("Sunny") Balwani**

By: _____

Date: _____

**A.J. (as personal representative of the estate of Plaintiff S.J.)**

By: _____

Date: _____

**Plaintiff A.R.**

By: _____

Date: _____

**Plaintiff B.B.**

By: *BB*
BB (Sep 5, 2023 16:27 PDT)

Date: September 5, 2023

**Plaintiff B.P.**

By: _____

Date: _____

6

THE UNDERSIGNED HAVE CAREFULLY READ THE FOREGOING AGREEMENT, KNOW ITS CONTENTS, FULLY UNDERSTAND IT, AND SIGN IT AS HIS OR HER OWN FREE ACT.

**Ramesh ("Sunny") Balwani**

By: _____

Date: _____

**A.J. (as personal representative of the estate of Plaintiff S.J.)**

By: _____

Date: _____

**Plaintiff A.R.**

By: _____

Date: _____

**Plaintiff B.B.**

By: _____

Date: _____

**Plaintiff B.P.**

By: *BJP* (DocuSigned by: 480A7B96C3E9418...)

Date: 09/06/23 | 11:27 AM PDT

6

**Plaintiff D.L.**

By: ___*D.L.*_____
      DocuSigned by: 0B2459EA9C664A0...

Date: 09/05/23 | 2:49 PM PDT _____

**Plaintiff R.G.**

By: _____

Date: _____

**Plaintiff S.L.**

By: _____

Date: _____

7

**Plaintiff D.L.**

By: _____

Date: _____

**Plaintiff R.G.**

By: *RG* _____

Date: _____09/06/2023_____

**Plaintiff S.L.**

By: _____

Date: _____

7

**Plaintiff D.L.**

By: _____

Date: _____

**Plaintiff R.G.**

By: _____

Date: _____

**Plaintiff S.L.**

By: _____*s.l.*_____
s.l. (Sep 6, 2023 08:40 PDT)

Date:   September 6, 2023

7