# EXHIBIT F

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (this "Agreement"), dated September 6, 2023, is made by and between Theranos (assignment for the benefit of creditors), LLC ("Assignee"); Walgreen Co. ("Walgreens"); and A.J. (as personal representative of the estate of Plaintiff S.J.), A.R., B.B., B.P., D.L., R.G, and S.L. (collectively, "Class Plaintiffs"), on behalf of themselves and the members of the certified Class in *In re Arizona Theranos, Inc. Litigation*, No. 2:16-cv-2138-DGC (D. Ariz.). Assignee, Walgreens, and Class Plaintiffs are referred to individually as a "Party" or collectively as "Parties".

### RECITALS

**WHEREAS,** in 2016, Class Plaintiffs commenced putative class actions in the United States District Court for the District of Arizona against Theranos, Inc. ("Assignor"); Walgreens Boots Alliance, Inc.; Walgreen Arizona Drug Co.; Elizabeth Holmes ("Ms. Holmes"); and Ramesh "Sunny" Balwani ("Mr. Balwani"); which actions were consolidated in *In re Arizona Theranos, Inc. Litig.*, No. 2:16-cv-02138-DGC (D. Ariz.) (the "Class Action");

**WHEREAS,** on September 12, 2018, Assignor executed a General Assignment pursuant to which it assigned all of its assets and liabilities to the Assignee for the benefit of Assignor's creditors (the "Assignment");

**WHEREAS,** on March 11, 2019, Class Plaintiffs, on behalf of themselves and others similarly situated, filed a general unsecured claim against the Assignment estate, premised on the Assignor's alleged liability in the Class Action (the "Class Plaintiffs Claim");

**WHEREAS,** on March 11, 2019, Walgreens filed a general unsecured claim against the Assignment estate, premised on both a promissory note and a judgment for payment arising from a settlement agreement (the "Walgreens Claim");

**WHEREAS,** the deadline for filing claims against the Assignment estate was March 11, 2019;

**WHEREAS,** on March 6, 2020, the Court in the Class Action entered an Order: (a) certifying for class treatment certain claims by the Class Plaintiffs against Walgreens, Theranos, Ms. Holmes, and Mr. Balwani, on behalf of a class defined as: "All purchasers of Theranos testing services, including consumers who paid out-of-pocket, through health insurance, or through any other collateral source (collectively, "purchasers") between November 2013 and June 2016" (the "Class Members"); and (b) appointed the Class Plaintiffs to serve as class representatives of the Class Members;

**WHEREAS,** with the exception of Ms. Holmes, the parties to the Class Action have reached agreements to settle their respective claims and defenses in the Class Action, and will be seeking court approval of those settlements pursuant to Fed. R. Civ. P. 23(e); and

**WHEREAS,** the Parties have agreed to resolve their respective claims against each other pursuant to the terms and conditions set forth in this Agreement.

**NOW, THEREFORE,** in consideration of the mutual agreements and promises contained herein, and subject to approval by the Court in the Class Action of the Relevant Provisions (as defined in section 7 below), the Parties hereto agree as follows:

1. <u>Treatment of Walgreens Claim</u>. The Walgreens Claim shall be allowed as a general unsecured claim in the amount of $45,000,000 against the Assignment estate (the "<u>Allowed Walgreens Claim</u>") and entitled to distribution *pro rata* with all other allowed general unsecured claims against the Assignment estate (the "Walgreens Distribution").

2. <u>Treatment of Class Plaintiffs Claim</u>. The Class Plaintiffs Claim shall be allowed as a general unsecured claim in the amount of $45,000,000 against the Assignment estate (the "<u>Allowed Class Claim</u>") and entitled to a distribution of $1,331,094.88 (the "<u>Class Distribution</u>") in full and final satisfaction of the Allowed Class Claim within ten (10) days of entry of an order by the Court in the Class Action finally approving the Relevant Provisions, as set forth in Section 7 below. The Class Distribution shall be distributed by the Assignee into the Settlement Fund that will be established pursuant to the settlement agreement between Class Plaintiffs (on behalf of the Class Members) and Walgreens (the "<u>Walgreens Settlement</u>"), pursuant to wire transfer instructions provided to Assignee by Class Counsel, or as otherwise directed by the Court in the Class Action.

3. <u>Release by Walgreens</u>. Effective upon Walgreens' receipt of its final *pro rata* distribution on the Allowed Walgreens Claim from the Assignment estate, Walgreens, for itself, and its present and former officers, managers, direct and indirect owners (including any members, partners, limited partners, or any other equity holders), employees, employers, consultants, board members, accountants, auditors, independent contractors, insurers, reinsurers, affiliates, attorneys, partners, limited partners, joint venturers, parents, and subsidiaries (including any employees, officers, managers, or board members of any subsidiary), and each of their fiduciaries, agents, representatives, predecessors, successors, estates, assigns, insurers, reinsurers, affiliates, attorneys, partners, limited partners, joint venturers, parents, subsidiaries, and any person or entity claiming by or through Walgreens (collectively, the "<u>Walgreens Parties</u>") do hereby release and forever discharge (a)(i) the Assignor, (ii) the Assignment estate, and (iii) the Assignee, and each of the Assignee's present and former officers, managers, direct, and indirect owners (including any members, partners, limited partners or any other equity holders), employees, consultants, board members, accountants, auditors, independent contractors, insurers, reinsurers, and attorneys, and each of their fiduciaries, agents, representatives, insurers, reinsurers, attorneys, partners, limited partners, and any person or entity claiming by or through the Assignee (persons and entities described in subsections (a)(i), (a)(ii), and (a)(iii) shall collectively be referred to as the "<u>Assignment Parties</u>"); and (b) any party holding a security interest in any assets of the Assignment estate, including, without limitation, assets to be utilized to make distributions on account of allowed claims against the Assignment estate and each of their present and former officers, managers, direct and indirect owners (including any members, partners, limited partners, or any other equity holders), employees, employers, consultants, advisors, board members, accountants, auditors, independent contractors, insurers, reinsurers, affiliates, attorneys, partners, limited partners, joint venturers, parents, and subsidiaries (including any employees, officers, managers. or board members of any subsidiary), and each of their fiduciaries, agents, representatives, predecessors, successors, estates, assigns, insurers, reinsurers, affiliates, attorneys, partners, limited partners, joint venturers, parents, subsidiaries (collectively, the "<u>Secured Parties</u>"), from

2

and against any and all liability that they now have, have had, or may have, and from all claims, demands, liens, actions, and causes of action of every kind and nature, and from all damages, injuries, losses, contributions, indemnities, compensation, obligations, costs, attorneys' fees, and expenses of every kind and nature whatsoever, whether known or unknown, fixed or contingent, whether in law or in equity, whether asserted or unasserted, whether sounding in tort or in contract, arising out of or related in any way to the Assignor, the Assignee, the Walgreens Claim, the Class Plaintiffs Claim, the Class Action, and the Assignment; provided, however, the foregoing shall not and shall not be deemed to apply to release, compromise, or waive (i) any and all obligations set forth in this Agreement, (ii) any and all obligations in the Walgreens Settlement, (iii) the Allowed Walgreens Claim and the rights attendant thereto, or (iv) any and all claims that Walgreens or the Walgreens Parties have or may have against Ms. Holmes or Mr. Balwani. For the avoidance of doubt, nothing in this Agreement is intended to release, compromise, or waive any claims of any type whatsoever for any relief whatsoever that Walgreens or the Walgreens Parties currently have or may have in the future against Ms. Holmes or Mr. Balwani.

The Walgreens Parties recognize that they may not now fully know the number and magnitude of all claims they now have or in the future may have against the Assignment Parties and the Secured Parties, but nevertheless intend to assume the risk that they are releasing such unknown claims. Accordingly, the Walgreens Parties agree that this Agreement effects a full and final release of all such claims and as a further consideration and inducement for this Agreement, agree to waive the provisions of California Civil Code Section 1542, which provides as follows.

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

4.  **Release by Class Plaintiffs**. Effective upon receipt of the Class Distribution into the Settlement Fund, the Class Plaintiffs, on behalf of themselves and the Class Members, and each of their present and former officers, managers, direct and indirect owners (including any members, partners, limited partners, or any other equity holders), employees, employers, consultants, board members, accountants, auditors, independent contractors, insurers, reinsurers, affiliate, attorneys, partners, limited partners, joint venturers, parents, and subsidiaries (including any employees, officers, managers, or board members of any subsidiary), and each of their fiduciaries, agents, representatives, predecessors, successors, estates, assigns, insurers, reinsurers, affiliates, attorneys, partners, limited partners, joint venturers, parents, subsidiaries, and any person or entity claiming by or through the Class Plaintiffs (collectively, the "Class Parties") do hereby release and forever discharge the Assignment Parties and the Secured Parties from and against any and all liability which they now have, have had, or may have, and from all claims, demands, liens, actions, and causes of action of every kind and nature, and from all damages, injuries, losses, contributions, indemnities, compensation, obligations, costs, attorneys' fees, and expenses of every kind and nature whatsoever, whether known or unknown, fixed or contingent, whether in law or in equity, whether asserted or unasserted, whether sounding in tort or in contract, arising out of or related in any way to the Assignor, the Assignee, the Class Plaintiffs Claim, the Class Action, and the Assignment; provided, however, the foregoing release shall not and shall not be deemed to apply

3

to release, compromise, or waive (i) any and all obligations set forth in this Agreement, (ii) any and all obligations in the Walgreens Settlement, or (iii) the Allowed Class Claim and the rights attendant thereto. For the avoidance of doubt, nothing in this Agreement is intended to release, compromise, or waive any claims that the Class Plaintiffs or the Class Members have or may have against Ms. Holmes or Mr. Balwani, nor is anything in this Agreement intended to release, compromise, or waive any claims that the Class Plaintiffs or the Class Members have or may have against Walgreens in the Class Action; however, for the avoidance of doubt, the Class Members' claims against Mr. Balwani and Walgreens are subject to the Balwani Settlement Agreement and the Walgreens Settlement in the Class Action, respectively.

The Class Parties recognize that they may not now fully know the number and magnitude of all claims they now have or in the future may have against the Assignment Parties and the Secured Parties, but nevertheless intend to assume the risk that they are releasing such unknown claims. Accordingly, the Class Parties agree that this Agreement effects a full and final release of all such claims and as a further consideration and inducement for this Agreement, agree to waive the provisions of California Civil Code section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

5.  <u>Release by Assignee</u>. Effective upon the effectiveness of the releases set forth in Paragraphs 3 and 4 above, the Assignment Parties do hereby release and forever discharge the Walgreens Parties and the Class Parties from and against any and all liability that they now have, have had, or may have, and from all claims, demands, liens, actions, and causes of action of every kind and nature, and from all damages, injuries, losses, contributions, indemnities, compensation, obligations, costs, attorneys' fees, and expenses of every kind and nature whatsoever, whether known or unknown, fixed or contingent, whether in law or in equity, whether asserted or unasserted, whether sounding in tort or in contract, arising out of or related in any way to the Assignor, the Assignee, the Walgreens Claim, the Class Plaintiffs Claim, the Class Action, and the Assignment; <u>provided</u>, <u>however</u>, the foregoing release shall not and shall not be deemed to apply to release, compromise, or waive (i) any and all obligations set forth in this Agreement, (ii) the Allowed Walgreens Claim and the rights attendant thereto, or (iii) the Allowed Class Claim and the rights attendant thereto.

The Assignment Parties recognize that they may not now fully know the number and magnitude of all claims they now have or in the future may have against the Walgreens Parties and the Class Parties, but nevertheless intend to assume the risk that they are releasing such unknown claims. Accordingly, the Assignment Parties agree that this Agreement effects a full and final release of all such claims and as a further consideration and inducement for this Agreement, agree to waive the provisions of California Civil Code Section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO

EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

6. <u>Covenant Not to Sue</u>. Each of the Assignment Parties, the Walgreens Parties, and the Class Parties, on behalf of themselves and their respective successors, assigns, and other legal representatives, hereby absolutely, unconditionally and irrevocably, covenant and agree with and in favor of each other that they will not sue each other (at law, in equity, in arbitration, in any regulatory proceeding, or otherwise) on the basis of any claim settled, released, remised, or discharged pursuant to Sections 3, 4, or 5 of this Agreement.

7. <u>Effectiveness and Court Approval</u>. The provisions of this Agreement that concern the settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of the Class Plaintiffs and Class Members ("<u>Relevant Provisions</u>") are subject to Court approval in the Class Action, pursuant to Fed. R. Civ. P. 23(e), following notice to Class Members. Notice of this Agreement as required by Fed. R. Civ. P. 23 will be disseminated to the Class Members pursuant to the notice program set forth in the Walgreens Settlement or as otherwise directed by the Court in the Class Action, and Class Plaintiffs will ask the Court to approve the Relevant Provisions of this Agreement, pursuant to the proposed approval process set forth in the Walgreens Settlement or such other process directed by the Court in the Class Action. The Relevant Provisions shall become effective upon entry of an order by the Court in the Class Action finally approving the Relevant Provisions. If the Relevant Provisions or any other part of this Agreement requiring Court approval are not approved by the Court as contemplated herein, this Agreement shall continue to the greatest extent possible as to Walgreens and Assignee.

8. <u>Representations and Warranties</u>.

a. Walgreens represents and warrants that: (i) it has the necessary right, power, and authority to execute, deliver, and perform this Agreement; (ii) it has neither assigned nor delegated to another its rights, obligations, claims, or causes of action; (iii) this Agreement constitutes Walgreens' valid, binding, and enforceable obligation; and (iv) it has not made any assignment of any claims or causes of action that it has or may have in the future against the Assignment Parties or the Secured Parties.

b. Class Plaintiffs represent and warrant, on behalf of themselves and the Class Members, that: (i) they have the necessary right, power, and authority to execute, deliver, and perform this Agreement; (ii) they have neither assigned nor delegated to another their rights, obligations, claims, or causes of action; (iii) this Agreement constitutes Class Plaintiffs' valid, binding, and enforceable obligation; and (iv) they have not made any assignment of any claims or causes of action that they have or may have in the future against the Assignment Parties or the Secured Parties.

c. Assignee represents and warrants that: (i) Assignee is the duly appointed assignee for the benefit of Assignor's creditors; (ii) it has the necessary right, power, and authority to execute, deliver, and perform this Agreement; (iii) it has neither assigned nor delegated to another its rights, obligations, claims, or causes of action; (iv) the person signing this Agreement

5

on behalf of the Assignee is duly authorized to do so; (v) this Agreement constitutes the Assignee's valid, binding, and enforceable obligation; and (vi) it has not made any assignment of any claims or causes of action that it has or may have in the future against the Walgreens Parties or Class Parties.

9. <u>Agreement Entered into Voluntarily and on Advice of Legal Counsel; No Reliance on Representations</u>. This Agreement is entered into freely and voluntarily. The Parties acknowledge that they have been represented by counsel of their choice in the negotiations that preceded the execution of this Agreement and in connection with the preparation and execution of this Agreement, or have had the opportunity to retain such counsel. Each Party hereto has executed this Agreement with full knowledge of its significance and with the express intention of effecting its legal consequence. No Party hereto has relied upon any representation of the other Parties in signing this Agreement except for those specifically set forth herein.

10. <u>Attorneys' Fees, Expenses, and Costs</u>. Each Party shall be solely responsible for its own respective litigation fees, attorneys' fees, expenses, and other costs and expenses incurred in connection with this Agreement, provided that nothing herein shall foreclose Class Counsel in the Class Action from: (a) citing this Agreement as a basis for awarding attorneys' fees and/or expenses in the Class Action; or (b) requesting that the Court in the Class Action award Class Counsel a portion of the Class Distribution. In no event shall any Walgreens Parties be required to pay any award of attorneys' fees and/or expenses outside of the Settlement Fund, as that term has been defined in the Walgreens Settlement.

11. <u>No Waiver</u>. The failure by any Party to enforce at any time, or any period of time, any one or more of the terms or conditions of this Agreement, or a course of dealing among the Parties, shall not be a waiver of such terms or conditions or of such Party's right thereafter to enforce each and every term and condition of this Agreement.

12. <u>Integration; Construction</u>. This Agreement constitutes the entire agreement among the Parties (not including the Walgreens Settlement, which is entered into separately between the Class Plaintiffs and Walgreens). The Parties further agree that the recitals set forth herein are incorporated as terms of this Agreement. The Parties agree that this Agreement may not be altered, amended, modified, or otherwise changed except by a written instrument that has been executed by the Parties. The Parties further agree that because each Party has been active in the preparation and negotiation of the terms of this Agreement, it shall not be construed against any Party in the event of any dispute as to the meaning of its terms.

13. <u>Further Assurances</u>. The Parties shall execute all such further and additional documents as shall be reasonable, convenient, necessary, or desirable to carry out the provisions of this Agreement and shall in good faith undertake all reasonable efforts to effectuate the provisions of this Agreement.

14. <u>Successors and Assigns</u>. All covenants and agreements herein shall bind and inure to the benefit of the Parties' respective successors, assigns, heirs, representatives, agents, transferees, directors, attorneys, and principals. The Secured Parties are each express third-party beneficiaries of, and shall be entitled to rely upon and enforce, all provisions of this Agreement that provide them with rights, benefits, or privileges.

15. <u>Governing Law</u>. This Agreement shall be exclusively governed by and construed according to the laws of the State of California, without regard to conflicts of laws.

16. <u>Severability</u>. In the event that, at any time after the execution of this Agreement, any portion or section of this Agreement is found to be illegal, invalid, unenforceable, non-binding, is not approved by the Court in the Class Action, or otherwise without legal force or effect, then, subject to Paragraph 7 to the extent applicable, the remaining portion(s) and section(s) will remain in force and be fully binding.

17. <u>Headings</u>. Headings are for convenience only and shall not limit, expand, affect, or alter the meaning of any text.

18. <u>Execution</u>. This Agreement may be executed in counterparts by the Parties, each of which shall be deemed an original, and shall be valid and binding on each Party as if fully executed in one copy. Facsimile and electronic signatures are sufficient to bind the Parties hereto.

[*signature page to follow*]

THE UNDERSIGNED HAVE CAREFULLY READ THE FOREGOING MUTUAL AGREEMENT, KNOW THE CONTENTS THEREOF, FULLY UNDERSTAND IT, AND SIGN THE SAME AS HIS, HER, OR ITS OWN FREE ACT.

**Theranos (assignment for the benefit of creditors), LLC, a California limited liability company, in its sole and limited capacity as assignee for the benefit of creditors of Theranos, Inc.**

By: _[signature]_

Name: Michael A. Maidy

Title: Manager

Date: 09 / 05 / 2023

**Walgreen Co.**

By: _____

Name: _____

Title: _____

Date: _____

**Class Representative A.J. (as personal representative for the estate of S.J.)**

By: _____

Name: _____

Date: _____

8

THE UNDERSIGNED HAVE CAREFULLY READ THE FOREGOING MUTUAL AGREEMENT, KNOW THE CONTENTS THEREOF, FULLY UNDERSTAND IT, AND SIGN THE SAME AS HIS, HER, OR ITS OWN FREE ACT.

**Theranos (assignment for the benefit of creditors), LLC, a California limited liability company, in its sole and limited capacity as assignee for the benefit of creditors of Theranos, Inc.**

By: _____

Name: _____

Title: _____

Date: _____


**Walgreen Co.**

By: _____

Name: Michael J. Freeman

Title: Vice President

Date: 9/6/2023


**Class Representative A.J. (as personal representative for the estate of S.J.)**

By: _____

Name: _____

Date: _____

8

THE UNDERSIGNED HAVE CAREFULLY READ THE FOREGOING MUTUAL AGREEMENT, KNOW THE CONTENTS THEREOF, FULLY UNDERSTAND IT, AND SIGN THE SAME AS HIS, HER, OR ITS OWN FREE ACT.

**Theranos (assignment for the benefit of creditors), LLC, a California limited liability company, in its sole and limited capacity as assignee for the benefit of creditors of Theranos, Inc.**

By: _____

Name: _____

Title: _____

Date: _____

**Walgreen Co.**

By: _____

Name: _____

Title: _____

Date: _____

**Class Representative A.J. (as personal representative for the estate of S.J.)**

By: _____*[signature: AJJ]*_____

Name: A.J. (as personal representative for estate of S.J.)

Date: September 5, 2023

8

**Class Representative B.P.**

By: _BJP_ _____

Name: B.P. _____

Date: 09/06/23 | 11:27 AM PDT _____

**Class Representative D.L.**

By: _____

Name: _____

Date: _____

**Class Representative A.R.**

By: _____

Name: _____

Date: _____

**Class Representative R.G.**

By: _____

Name: _____

Date: _____

**Class Representative S.L.**

By: _____

Name: _____

Date: _____

9

**Class Representative B.P.**

By: _____

Name: _____

Date: _____

**Class Representative D.L.**

By: *D.L.*
    —0B2459EA9C684A0...

Name: DL _____

Date: 09/05/23 | 5:00 PM PDT _____

**Class Representative A.R.**

By: _____

Name: _____

Date: _____

**Class Representative R.G.**

By: _____

Name: _____

Date: _____

**Class Representative S.L.**

By: _____

Name: _____

Date: _____

9

**Class Representative B.P.**

By: _____

Name: _____

Date: _____


**Class Representative D.L.**

By: _____

Name: _____

Date: _____


**Class Representative A.R.**

By: *[signature]* _____

Name: _____AR_____

Date: _____09/06/2023_____


**Class Representative R.G.**

By: _____

Name: _____

Date: _____


**Class Representative S.L.**

By: _____

Name: _____

Date: _____

**Class Representative B.P.**

By: _____

Name: _____

Date: _____


**Class Representative D.L.**

By: _____

Name: _____

Date: _____


**Class Representative A.R.**

By: _____

Name: _____

Date: _____


**Class Representative R.G.**

By: *RG* _____

Name: __RG_____

Date: __09/06/2023_____


**Class Representative S.L.**

By: _____

Name: _____

Date: _____

9

**Class Representative B.P.**

By: _____

Name: _____

Date: _____

**Class Representative D.L.**

By: _____

Name: _____

Date: _____

**Class Representative A.R.**

By: _____

Name: _____

Date: _____

**Class Representative R.G.**

By: _____

Name: _____

Date: _____

**Class Representative S.L.**

By: *S.L.*
s.l. (Sep 6, 2023 08:42 PDT)

Name:   S.L.

Date:   September 6, 2023

**Class Representative B.B.**

By: _____𝓑𝓑_____
       BB (Sep 5, 2023 15:11 PDT)

Name:  B.B._____

Date:  September 5, 2023_____