1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE DISTRICT OF ARIZONA

8

| In re: | **No. CV-16-02138-PHX-DGC** |

9

ARIZONA          THERANOS,          INC.
LITIGATION

(Consolidated with)
No. 2:16-cv-2373- HRH
No. 2:16-cv-2660- HRH
No. 2:16-cv-2775- DGC
No. 2:16-cv-3599- DGC

10
11
12

**ORDER GRANTING PRELIMINARY
APPROVAL   OF   CLASS   ACTION
SETTLEMENTS**

13
14
15

Pending before the Court is Plaintiffs' Motion for Preliminary Approval of Class

16

Action Settlements ("Motion"), made pursuant to Federal Rule of Civil Procedure 23(e).

17

Doc. 591.

18

Plaintiffs and Defendants Walgreens Boots Alliance, Inc. and Walgreen Arizona

19

Drug Co. (together, "Walgreens") have entered into a Stipulation of Class Action

20

Settlement, dated September 6, 2023 (the "Walgreens Settlement Agreement"), which sets

21

forth the terms and conditions for a proposed settlement of the claims against Walgreens

22

and for dismissal of the claims against Walgreens with prejudice.

23

Plaintiffs and Defendant Ramesh "Sunny" Balwani have separately entered into a

24

Stipulation of Class Action Settlement, dated September 6, 2023 (the "Balwani Settlement

25

Agreement"), which sets forth the terms and conditions for a proposed settlement of the

26

claims against Balwani and for dismissal of the Plaintiffs' claims against Balwani with

27

prejudice.

28

Plaintiffs, Walgreens, and Theranos (assignment for the benefit of creditors), LLC (the "Theranos ABC") have separately entered into a Stipulation of Class Action Settlement, dated September 6, 2023 (the "Theranos ABC Agreement").

The Walgreens Settlement Agreement, the Balwani Settlement Agreement, and the Theranos ABC Agreement are collectively referred to in this order as the "Settlement Agreements."

Having thoroughly reviewed the Settlement Agreements, including the proposed forms of class notice and other exhibits, the Motion, and the papers and arguments of the parties, and good cause appearing,

**IT IS HEREBY ORDERED:**

1.      Capitalized terms not otherwise defined herein have the meanings set forth in the Walgreens Settlement Agreement.

2.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and has personal jurisdiction over Plaintiffs, Walgreens, and Balwani (together, the "Settling Parties") and members of the certified Class and Subclasses (collectively "Class Members").[1] Venue is proper in this District.

---

[1] The Court previously certified the following Class and Subclasses pursuant to Fed. R. Civ. P. 23(b)(3):

Class: All purchasers of Theranos testing services, including consumers who paid out-of-pocket, through health insurance, or through any other collateral source (collectively, "purchasers") between November 2013 and June 2016.

Arizona Subclass: All purchasers of Theranos testing services in Arizona between November 2013 and June 2016.

California Subclass: All purchasers of Theranos testing services in California between September 2013 and June 2016.

Walgreens Edison Subclass: All purchasers of Theranos testing services who were subjected to "tiny" blood draws by a Walgreens employee between November 2013 and March 2015.

**Preliminary Approval of Settlements**

3.      The Motion (Doc. 591) is granted.

4.      The Court preliminarily approves the Walgreens Settlement Agreement and its terms pursuant to Fed. R. Civ. P. 23(e)(1) and finds that notice in a reasonable manner to all class members who will be bound by the proposal is justified because the court will likely be able to finally approve the proposal under Fed. R. Civ. P. 23(e)(2). The Court is likely to find that the Walgreens Settlement Agreement is fair, reasonable, and adequate as to the Class Members. The Court is likely to find that the relief provided—a non-reversionary common Settlement Fund of $44 million—is adequate, considering the costs, risks, and delay of trial and appeal, the legal issues presented in this Action, the interests of the Class Members, and the proposed method of distributing payments (direct payments by check without the need for filing of claims).

5.      The Court preliminarily approves the Balwani Settlement Agreement and Theranos ABC Agreement as to the terms related in any way to the Class claims embodied in those Agreements pursuant to Fed. R. Civ. P. 23(e)(1) and finds that notice in a reasonable manner to all class members who will be bound by the proposals is justified because the Court will likely finally approve the proposals under Fed. R. Civ. P. 23(e)(2). The Court is likely to find that the terms of these Agreements are fair, reasonable, and adequate as to the Class Members.  The Court is likely to find that the relief provided is adequate, considering the costs, risks, and delay of trial and appeal, and the fact that the release provided to Balwani will facilitate the payment of funds by the Theranos ABC (in addition to the relief provided by the Walgreens Settlement Agreement) to the Class. Those

---

The Court appointed Plaintiffs A.R., B.P., B.B., D.L., R.G., S.J., and S.L. as class representatives for the Class; Plaintiffs B.P., B.B., D.L., R.G., S.J., and S.L. as class representatives for the Arizona Subclass; and Plaintiff A.R. as class representative for the California Subclass. Additionally, Plaintiff B.P., which the Court previously appointed as a class representative for the Edison Subclass, is a member and class representative of the Walgreens Edison Subclass. *See* ECF Nos. 369, 447. Upon notice of the death of Plaintiff S.J., the Court substituted A.J., as Personal Representative of the Estate of Plaintiff S.J., as a class representative. (ECF 457.)

additional expected funds are adequate, considering the limited Theranos assets that remain for distribution to Theranos's creditors, the circumstances that have delayed distribution of the remaining assets, and the fact that additional funds will be available to the Class in addition to the relief provided by the Walgreens Settlement Agreement.

6.     The Court finds that Plaintiffs and Class Counsel have adequately represented, and will continue to adequately represent, the Class and Subclasses. The Court further finds that the Settlement Agreements are the product of arms' length negotiations by the Settling Parties, with the Walgreens Settlement Agreement supervised by, and reached pursuant to a mediator's proposal proposed by an experienced mediator, and both the Balwani Settlement Agreement and the Theranos ABC Agreement reached with the further assistance of the mediator's staff. Further, the Settlement Agreements were reached after significant litigation, investigation, and discovery. The Settling Parties and their counsel had sufficient information to evaluate the strengths and weaknesses of the case and to conduct informed settlement discussions.

7.     The Court is likely to find that the Settlement Agreements treat Class Members equitably relative to each other and that the Plan of Allocation of the Net Settlement Fund, as provided in the Walgreens Settlement Agreement, is reasonable and equitable. Under the terms of the proposed Plan of Allocation, all Class Members will receive a Class Member Payment consisting of the Class Member Base Payment plus an additional payment based on the unreimbursed costs of their Theranos blood testing services, substantially more than the actual total costs of their Theranos blood testing services. In addition, members of the Walgreens Edison Subclass will each receive an additional payment as compensation for the battery claims as pleaded by Plaintiffs.

### CAFA Notice

8.     Walgreens shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Settlement Agreements with the Court. No later than seven (7) calendar days before the Fairness Hearing, Walgreens shall cause to be served on Class Counsel and filed

with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

### Attorneys' Fees and Expenses

9.      The Court will fully assess any request for Attorneys' Fees and Expenses after receiving a motion from Class Counsel supporting such request under Fed. R. Civ. P. 23(h). At this stage, the Court finds that the plan to request fees and litigation expenses to be paid from the Settlement Fund creates no reason not to direct notice to the Class; should this Court find any aspect of the requested attorneys' fees or expenses unsupported or unwarranted, such funds will not revert to Walgreens or any other Defendant.

### Class Counsel and Class Representatives

10.     Pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g), the Court reaffirms the appointment of Lieff Cabraser Heimann & Bernstein LLP and Keller Rohrback L.L.P. as Class Counsel.

11.     Pursuant to Rule 23(c)(1)(B), the Court reaffirms the appointment of Plaintiffs A.J., A.R., B.P., B.B., D.L., R.G., and S.L. as class representatives for the Class; Plaintiffs A.J. B.P., B.B., D.L., R.G., and S.L. as class representatives for the Arizona Subclass; Plaintiff A.R. as class representative for the California Subclass; and Plaintiff B.P. as class representative for the Walgreens Edison Subclass.

12.     For purposes of this Order and the Settlement Agreements, the following shall be excluded from the Class and Subclasses: (i) Walgreens and its officers, directors, management, employees, subsidiaries, and affiliates; (ii) the judges in this case and members of their immediate families; and (iii) persons who timely and properly opted out pursuant to Federal Rule of Civil Procedure 23(c)(2)(B); a complete list of timely opt-outs was lodged with the Court, *see* ECF No. 482-1 at Ex. E, 483.

### Settlement Administrator and Notice Program

13.     Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Plan set forth at Section VI of the Walgreens Settlement Agreement, including the form and content of the proposed forms of class notice attached to the

Walgreens Settlement Agreement as Exhibits A1 through A7, as modified in supplemental filings. The Court finds that the proposed Notice Plan meets the requirements of due process under the U.S. Constitution and Rule 23, and that such Notice Plan—which includes individual direct notice to Class Members via email and mail, publication notice, a supplemental social media and internet notice campaign, and the establishment of a Settlement Website and Toll-Free Number—is reasonably calculated to provide notice to the Class Members under the circumstances and shall constitute due and sufficient notice to all persons entitled to notice.

14.     The Court further finds that the proposed form and content of the forms of notice are adequate and will give Class Members sufficient information to enable them to make informed decisions as to the proposed Settlements and their terms, and the right to object. The Court finds that the proposed forms of notice clearly and concisely describe in plain, easily understood language: (i) the nature and pendency of the Action; (ii) the certification of the Class and Subclasses; (iii) the class claims; (iv) the existence and terms of the Settlement Agreements, (iv) Class Members' right to object to or comment on (a) the Walgreens Settlement Agreement; (b) the terms in the Balwani Settlement Agreement or Theranos ABC Agreement related to the Class claims; or (c) any request for Attorneys' Fees and Expenses and/or Service Awards; (v) the matters to be decided at the Final Approval hearing; and (vi) the binding effect of a class judgment on Class Members under Rule 23(c)(3).

15.     The Court hereby appoints JND Legal Administration ("JND") as Settlement Administrator and directs JND to carry out all duties and responsibilities of the Settlement Administrator as specified in the Walgreens Settlement Agreement and this order. As set forth in the Notice Plan, the Settlement Administrator shall do the following:

A.     Email Notice: By no later than thirty (30) days after entry of this Order (the "Notice Date"), the Settlement Administrator shall email notice to each person on the Class Data List for which an email address is included in the Class Data List ("Email Notice Recipients"). Email Notice Recipients whom the Class Data List

identifies as <u>not</u> being in the Walgreens Edison Subclass shall be sent Email Notice A. Email Notice Recipients whom the Class Data List identifies as being in the Walgreens Edison Subclass shall be sent Email Notice B. Email Notice A and Email Notice B shall be substantially in the forms attached as Exhibits A1 and A2 to the Walgreens Settlement Agreement.

B.    <u>Postcard Notice</u>: By no later than the Notice Date, the Settlement Administrator shall send via first class U.S. Mail (postage pre-paid), Postcard Notice to each person on the Class Data List for whom an email address is <u>not</u> included in the Class Data List ("Postcard Notice Recipients"). Postcard Notice Recipients whom the Class Data List identifies as <u>not</u> being in the Walgreens Edison Subclass shall be sent Postcard Notice A. Postcard Notice Recipients whom the Class Data List identifies as being in the Walgreens Edison Subclass shall be sent Postcard Notice B. Postcard Notice A and Postcard Notice B shall be substantially in the forms attached as Exhibits A3 and A4 to the Walgreens Settlement Agreement. For any mailed Postcard Notices that are returned with forwarding address information, the Settlement Administrator shall promptly re-mail the appropriate form of Postcard Notice to the new address indicated. For any Postcard Notices that are returned as undeliverable without a forwarding address, the Settlement Administrator shall conduct an industry standard "skip trace" to try to identify a more current address and re-mail the appropriate form of Postcard Notice to the extent an updated address is identified.

C.    <u>Publication Notice</u>: By no later than ten (10) business days after the Notice Date, the Settlement Administrator shall cause the Publication Notice, substantially in the form attached as Exhibit A7 to the Walgreens Settlement Agreement, to be published one time (at least 1/8 of a page) in the *Arizona Republic*.

D.    <u>Digital Notice</u>: Commencing by the Notice Date and continuing for 60 days following the Notice Date, the Settlement Administrator shall implement a social media and internet notice program utilizing the same structure as the social

media and internet notice program implemented in connection with the 2022 litigation class notice program in this case. (*See* ECF No. 445-1 at ¶¶ 25–26.) The digital notice shall be substantially in the form attached as Exhibit A5 to the Walgreens Settlement Agreement.

E.     <u>Settlement Website</u>: The Settlement Administrator shall continue to maintain the Settlement Website (www.TheranosLawsuit.com), where Class Members can obtain further information about the terms of the Settlement Agreements, their rights, important dates and deadlines, and related information. The Settlement Website shall include, in PDF format, the Second Amended Consolidated Class Action Complaint, the Settlement Agreements, the Long-Form Notice (substantially in the form attached as Exhibit A6 to the Walgreens Settlement Agreement), this Preliminary Approval Order, Class Counsel's Fee and Expense Application (after it is filed), and other case documents as agreed upon by the Settling Parties and/or required by the Court, and shall be updated to provide such information/materials before the Notice Date. The Settlement Website shall be optimized for display on mobile phones. The Settlement Website shall remain operational until 180 days after the Effective Date or such other later date as the Settling Parties may agree.

F.     <u>Toll-Free Number</u>: The Settlement Administrator shall maintain a Toll-Free Number where Class Members can obtain further information about the Settlement Agreements and their rights, and request that a hard copy Long-Form Notice be mailed to them. The Toll-Free Number shall be updated to provide such information before the first email or mail notice is disseminated. The Toll-Free Number shall remain operational until at least 180 days after the Effective Date or such other later date as the Settling Parties may agree.

16.     Administration Expenses: As provided in the Walgreens Settlement Agreement, the Settlement Administrator's expenses shall be paid from the Net Settlement Fund; provided, however, that payment of any expenses of the Settlement Administrator

in excess of $550,000 shall require application and approval by the Court (that is, costs in excess of 110% of the Settlement Administrator's estimate for implementation of the notice plan, distribution of class member payments, and the other tasks set forth in the Walgreens Settlement Agreement, but not including the costs associated with dissemination of residual funds).

### Objections

17.     Any objection to the Settlement Agreements (or any part thereof), including any request for Attorney's Fees and Expenses and/or Service Awards, must be made in writing and comply with all the requirements set forth in this order and the Long-Form Notice.  Any written objection must be filed with or mailed to the Court, and copies of such objection served on Class Counsel and Walgreens' counsel, at the addresses listed in the Long-Form Notice, filed or postmarked no later than 60 days after the Notice Date.

18.     To be considered valid, an objection must: (a) state the case name and number of the Action, *In re Arizona Theranos, Inc. Litigation*, No. 2:16-cv-2138-DGC (D. Ariz.); (b) state the name, address, and telephone number of the objector and be signed by the objector even if represented by counsel; (c) state whether the objector is objecting to the proposed Settlements, Plan of Allocation, the application for Attorneys' Fees and Expenses, and/or the application for Service Awards; (d) state the objection(s) and the specific reason(s) for each objection, including any legal and evidentiary support the objector wishes to bring to the Court's attention; (e) identify all class actions to which the objector and his, her, or its counsel has previously objected in the last five years; (f) state the objector's basis for believing that he or she is a Class Member; (g) state whether the objector intends to appear at the Fairness Hearing; and (h) if the objector intends to appear at the Fairness Hearing through counsel, state the identity of all attorneys who will appear on the objector's behalf at the Fairness Hearing. Any Class Member who fails to timely file and serve such written statement and provide the required information will not be permitted to present any objections at the Fairness Hearing and such failure will render any such attempted objection untimely and of no effect unless otherwise ordered by the Court.

All presentations of objections at the fairness hearing will be limited to the information listed in the written objection.

19.     A Class Member's compliance with the foregoing requirements does not guarantee a Class Member the ability to present evidence or testimony at the Fairness Hearing. The decision whether to allow any testimony, argument, or evidence, as well as the scope and duration of any presentations of objections, will be in the sole discretion of the Court.

20.     Class notice was previously disseminated to the Class by multiple means in 2022, and Class Members were given an opportunity to opt out. (ECF No. 447, 482.) Class Members will not be provided a second opportunity to exclude themselves from the Class. Those persons who timely opted-out by the deadline (ECF No. 482-1 at Ex. E, 483) are excluded from the Class and not part of the Settlements.

<u>**Fairness Hearing**</u>

21.     The Court will hold a Fairness Hearing on **February 6, 2024 at 1:00 p.m.** in the United States District Court for the District of Arizona, Courtroom 603, 401 West Washington Street, Phoenix, AZ 85003. The purposes of the Fairness Hearing will be to: (i) determine whether the proposed Settlement Agreements should be finally approved by the Court as fair, reasonable, and adequate; (ii) determine whether judgment should be entered; (iii) rule on Class Counsel's motion for attorneys' fees, costs, and service awards; (iv) consider any properly filed objections; and (v) consider any other matters necessary to final approval of the Settlement Agreements.

22.     The Court may, in its discretion, modify the date and/or time of the Fairness Hearing, and may order that this hearing be held remotely or telephonically. If the Court changes the date, time, and/or the format of the Fairness Hearing, the Settling Parties shall ensure that the updated information is posted on the Settlement Website.

23.     Only Class Members who have submitted timely and valid objections, in accordance with the requirements of this Preliminary Approval Order (*see* ¶¶ 17–18), may be heard at the Fairness Hearing.

### Stay and Injunctions

24.     Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreements, all proceedings in the Action are hereby stayed and suspended until further order of this Court.

25.     Pending determination of whether the Settlement Agreements should be finally approved, Plaintiffs and all Class Members and Plaintiffs' Related Parties and anyone claiming through or on behalf of any of them are barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, either directly, representatively, derivatively, or in any other capacity, asserting the Plaintiffs' Released Claims against any of the Defendants. This bar and injunction are necessary to effectuate the Settlement Agreements and this Preliminary Approval Order, and this Court's authority to effectuate the Settlements, and are ordered in aid of this Court's jurisdiction.

### No Admission of Liability

26.     This Preliminary Approval Order, the Settlement Agreements, and all negotiations, statements, agreements, and proceedings relating to the Settlement Agreements, or any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not constitute, be described as, construed as, offered, or received against Walgreens, Walgreens Released Parties, Plaintiffs, Plaintiffs' Related Persons, Balwani, or Class Members as evidence or an admission: (a) of the truth of any fact alleged by Plaintiffs in the Action; (b) that any person suffered compensable harm or is entitled to any relief with respect to the matters asserted in this Action; (c) of any liability, negligence, fault, or wrongdoing by Walgreens, Walgreens Released Parties, Plaintiffs, Plaintiffs' Related Persons, Balwani, or the Class Members; or (d) of the enforceability of any applicable contractual or statutory limitations period to limit any relief.

**Implementation and Dates**

27.     The Settling Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

28.     By no later than fifteen (15) days after the Notice Date, Plaintiffs and Class Counsel shall file their: (a) motion for final approval of the Settlement Agreement, requesting entry of the Judgment, substantially in the form of Exhibit D to the Walgreens Settlement Agreement and (b) Attorneys' Fee and Expense Application. Promptly after they are filed, these document(s) shall be posted on the Settlement Website.

29.     By no later than 14 days before the Fairness Hearing, the Settlement Administrator shall file with the Court (or provide to Class Counsel for filing with the Court) copies of any objections received by the Settlement Administrator.

30.     By no later than seven (7) days before the Fairness Hearing, the Settling Parties shall file any responses to any Class Member objections and any replies in support of final settlement approval and/or in support of Class Counsel's Fee and Expense Application or Application for Service Awards.

31.     By no later than seven (7) days before the Fairness Hearing, the Settlement Administrator shall certify to the Court that it has complied with the notice requirements set forth in this order, and that the notice provided sufficient reach and frequency to alert Class Members to the pendency of the Action, the Settlement Agreements, and their rights.

32.     The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Class Members. Without further order of the Court, the Settling Parties may agree to make non-material modifications in implementing the Settlement Agreements that are not inconsistent with this Preliminary Approval Order.

33.     The following chart summarizes the dates and deadlines set by this Preliminary Approval Order:

| Event | Deadline |
|---|---|
| CAFA Notice | **10 days after the filing of the Settlement Agreements** |
| Notice Date | **30 days after entry of Preliminary Approval Order** |
| Last day for Plaintiffs and Class Counsel to file motion for final approval of the Settlements, and motion for attorneys' fees, costs, and service awards | **15 days after Notice Date** |
| Objection Deadline | **60 days after Notice Date** |
| Last day for Settlement Administrator (or Class Counsel) to file copies of any objections | **14 days before Fairness Hearing** |
| Last day for the Settling Parties to file any responses to objections and any replies in support of motion for final settlement approval and/or Class Counsel's application for attorneys' fees, costs, and service awards | **7 days before Fairness Hearing** |
| Last day for Walgreens to file proof of compliance with CAFA | **7 days before Fairness Hearing** |
| Fairness Hearing | **February 6, 2024 at 1:00 p.m.** |

Dated this 10th day of October, 2023.

David G. Campbell
Senior United States District Judge